## MUNN v. S. F. BOWSER & CO., INC.

### [75 South. 372, Division A.]

1. JUSTICE OF THE PEACE. *Judgment. Limiting effect by parol. Res judicata.*

   A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed, and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision.

2. SALES. *Title to support. Conditional sale. Replevin.*

   A replevin suit cannot be maintained by the seller for personal property when there is no balance due for the purchase price of same where title has been reserved in the seller, until the property is paid for.

APPEAL from the circuit court of Newton county. HON. J. D. CARR, Judge.

Suit by S. F. Bowser & Co. Incorporated, against W. J. Munn. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. I. Munn* and *J. R. Rowzee,* for appellant.

We submit that the appellee cannot maintain its replevin suit. First, because the question of debt has been satisfied, and there remains nothing due on the tank, and there remained nothing due on the tank at the time of the replevin suit was instituted; if Bowser should recover possession of the tank it would have to sell it and apply the proceeds of the sale to its indebtedness; but, in this case there is no indebtedness; the question of debt has been extinguished; the purchase price of the tank was paid by the Thrash Drug Company long before this replevin suit was instituted, and we respectfully submit that it has been held time and again by this court that the vendor of personal proper-

ty cannot recover the purchase price of the property, and then afterwards recover the property itself. It has been held in numerous cases by this court that the vendor can replevy the property while suit is pending on the notes given for the purchase money of the property, and this is good law, but where suit is pending on the notes and replevin is instituted for the possession of the property, then property must be sold and applied to the payment of the debt, but in the case at bar, if the appellee should recover the possession of the tank it would have no debt to extinguish because the question of debt has already been adjudicated by a court of competent jurisdiction, and forever settled, and for the appellee to recover in this case it would then be for the court to say that in conditional sales of this kind, the vendor can first sue on the notes and recover the value of the property and afterwards pursue the property in a replevin suit also.; this would be equivalent to collecting the debt twice; this would be equivalent to double pay, and we respectfully submit that this case should be reversed and a judgment here entered in favor of the appellant.

*R. D. Cooper*, for appellee.

Appellant seems to take the view that by reason of the judgment of the justice of the peace finding for the defendant, Thrash Drug Company, that the debt or the purchase price was paid by this off-set and therefore appellee was or is not entitled to the tank. Attorney for appellant admits that suit was brought for the purchase price of the tank and is endeavoring to show this court that the purchase price was paid up by the offset when the record in this case shows different from the testimony of the justice of the peace and the attorney for appellee, the substance of which is to the effect "that I considered nothing but the contract." This was the original order and the duplicate. The burden

being on the party who pleads *res judicata* was not met in this case. In fact the plea of *res judicata* was not pleaded at all; 77 Miss. 194, to wit: "*Res judicata* to be operative as an estoppel must be pleaded." Again 58 Miss. 806, to wit: "It is not proper to raise the question of *res judicata* by motion to dismiss."

All that appellant did was to introduce the docket of the justice of the peace showing the judgment of the court and at the conclusion of the case or the testimony asked for instructions to find for the defendant and this was refused. There was nothing for the court to do, but give the instruction it did give for the appellee.

In the first suit for the purchase price the Thrash Drug Company was made defendant and this suit is for the possession of a gasoline tank in the possession of W. I. Munn, a different party and stranger to the action. A different cause of action and different parties.

In 93 Miss. 481, the court said: "It is essential to a valid plea of *res judicata* that four things should be shown, namely, identity in the thing sued for, identity in the cause of action, identity of persons and parties to the action and identity of quality in the persons for or against whom the claim is made."

Had the off-set been used on the first trial and the judgment been in favor of the defendant, Thrash Drug Company, an appeal would have been taken, but as the court decided against appellee on the contract, I abided by that judgment and went after the tank and both parties would have been put *in statu quo*.

The case should be affirmed for three reasons: First, *res judicata* does not apply in this case; second, if it did, it was not pleaded; and third, because the burden on the defendant in attempting to show that appellee was estopped was not met and the court gave judgment for appellee and we ask for the case to be affirmed.

SYKES, J., delivered the opinion of the court.

This is a replevin suit and was instituted in a justice of the peace court for the recovery of a gasoline tank. Judgment was rendered in that court in favor of the plaintiff, and an appeal was taken to the circuit court. A peremptory instruction was there given in favor of the plaintiff, and judgment was entered accordingly, from which judgment this appeal is prosecuted.

The replevin suit was based upon a contract entered into between the appellee and the Thrash Drug Company, relating to the purchase of the gasoline tank. In this contract the title to the tank is reserved in the appellee Bowser until the price, or any note, or judgment for all or part of the same, has been paid in full. A promissory note for the balance of the purchase price was at the same time given by the Thrash Drug Company to the appellee. To the declaration the defendant in the court below, the appellant here, pleaded the general issue, and gave notice that he would prove that the Thrash Drug Company did not owe the appellee any balance for the purchase price of said tank, and that this fact had been adjudicated in a prior suit between the Thrash Drug Company and the appellee, based upon this same contract. At the trial in the circuit court the plaintiff introduced in evidence the original order contract and note signed by the Thrash Drug Company. It proved what was a reasonable attorney's fee for the plaintiff, and then rested. A motion was then made by the defendant to exclude the testimony, which was duly overruled. The defendant then introduced testimony showing that he had purchased the tank for a valuable consideration, and then introduced the entire record of the former suit in the justice of the peace court. This record shows that the appellee here instituted suit in a justice of the peace court of proper jurisdiction for the balance of purchase money alleged to be due under the original contract upon which this replevin suit was based. The defendant filed a

plea of recoupment or set-off and denied the correctness of the account of the plaintiff. In this trial the same testimony relating to the contract was introduced as was introduced in this replevin suit. The issue, in other words, in the first case was whether or not the Thrash Drug Company was indebted to Bowser & Company under this written contract. The justice of the peace decided in favor of the defendant Thrash Drug Company, and rendered judgment accordingly. From this judgment no appeal was taken. The appellee attempted to meet this proposition by introducing the justice of the peace who tried the first suit, and who testified, over the objection of the defendant, that judgment was rendered in favor of the defendant because he believed the contract had been materially altered by the plaintiff without the knowledge and consent of the defendant, and, for that reason, was not a valid contract and the suit could not be maintained thereon.

This testimony was incompetent. The justice of the peace should not have been allowed to give the reasons why he rendered judgment as he did. The issues in this case were presented by the pleadings; there was nothing to be supplied by oral testimony. As is said in the case, of *Fayerweather* v. *Ritch,* 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193:

"Nevertheless no testimony should be received except of open and tangible facts—matters which are susceptible of evidence on both sides. A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed, and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision."

The foundation of both suits is the written contract. It was adjudicated in the first case that the plaintiff could not recover upon this contract. The judgment in the first case also adjudicated the fact that the Thrash Drug Company did not owe the appellee here for any

balance of purchase money for this tank as evidenced by this contract.

A replevin suit cannot be maintained for personal property when there is no balance due for the purchase price of same where title has been reserved in the seller until the property is paid for, as in this case. *McPherson* v. *Acme Lumber Co.*, 70 Miss. 649, 12 So. 857.

The court erred in not granting the peremptory instruction asked by the appellant.

*Reversed and dismissed.*