# Pittsburgh National Bank of Commerce *versus* Hall, for use, &c.

107  583
131  407
107  583
142  321

1. In order to support an action upon a replevin bond it is not necessary for a judgment *de retorno habendo* to have been entered in the replevin suit, or for the damages to have been assessed.
    Gibbs v. Bartlett, 2 W. & S. 29, followed.

2. In an action on a replevin bond for failure to make return of the goods, the damages not having been assessed in the replevin suit may be assessed at the actual value of the goods at the time of the replevin.

3. In an action of debt on a replevin bond, the declaration as originally filed assigned as a breach the failure of the plaintiff in the replevin to prosecute his action with effect. The case was tried, without objection, on the ground that the defendant had not returned the goods after the decision in the replevin suit. Two weeks after a verdict for the plain-

[Bank *v.* Hall.]

tiff the court allowed an amendment to the declaration assigning as breach the failure of the defendant to return the goods.

*Held,* that as the amendment simply conformed the declaration to the pleading and evidence there was no error in its allowance.

4. Goods replevied were left, by consent of the parties, on the defendant's premises, and in charge of the occupant thereof. The replevin suit having been decided in favor of the defendant, the plaintiff's attorney wrote a letter to the defendant, saying: "Inasmuch as the goods and chattels are in your possession, no change of possession having in fact been made when they were replevied, I give you notice as attorney for the plaintiff, that you can now retain the same, and treat them hereafter as your own." The evidence was conflicting, whether the man then and afterwards in charge of the goods, was or was not the agent of the plaintiff in the replevin, and the court charged the jury that this letter would not be a sufficient return of the property if the defendants in this suit had an agent at the house in the custody of the goods unless he was withdrawn therefrom, and left the question of fact to them whether such possession was retained. *Held,* that the instruction was correct, under the circumstances.

November 5th, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county:* Of October and November Term, 1884, No. 160.

Debt, by John Hall for use of E. K. Hyndman and Daniel Kaine against the Pittsburgh National Bank of Commerce, upon a replevin bond given by said defendants to Hall, U. S. Marshal for the Western District of Pennsylvania. The narr., as originally filed, assigned but one breach, viz.: the failure of the plaintiffs in the replevin to prosecute their action with effect. Pleas, nil debet, payment, set-off, non est factum, and a special plea that the goods had been returned.

Upon the trial, before WHITE, J., the following facts appeared: Upon December 13th, 1880, the Pittsburgh National Bank of Commerce issued a writ of replevin out of the United States Circuit Court against Hyndman and Kaine for sundry flasks, patterns, anvils and machines used in the National Locomotive Works at New Haven, Fayette county, Pa.. These articles were stored in a building near the locomotive works, owned by Daniel Kaine, and in charge of one T. D. Forsythe, who held under him. At the execution of the writ of replevin it was agreed by the parties, the bank being represented by H. W. Patterson, a director, that the goods should be allowed to remain where they were, in Forsythe's charge. Forsythe remained there until May 20th, 1882, and by direction of the bank employed a night watchman for them. From May 20th, 1882, to March 20th, 1883, Forsythe's place was supplied by Charles Lytle and Charles Cooper, and on the latter date

[Bank v. Hall.]

Forsythe resumed possession, receiving a salary of $15 a month from the bank. The marshal made return to the writ that he had "replevied and delivered the property therein mentioned to the plaintiffs." Judgment in the replevin suit was entered in favor of the defendant on June 2d, 1882, and on August 15th, 1882, the following letter was sent by the attorney of the bank to Messrs. Kaine and Hyndman and received in due course of mail:

PITTSBURGH, PA., August 15th, 1882.
Messrs. D. Kaine and E. K. Hyndman, Gentlemen:

The judgment in the above action of replevin (No. 2, May Term, 1881, United States Circuit Court of Western District Pennsylvania), finds that the property in controversy belongs to the defendants. Inasmuch as the goods and chattels are in your possession, no change of possession having in fact been made when they were replevied, I give you notice as attorney for plaintiff, that you can now retain the same and treat them hereafter as your own. You therefore need no writ for a return of the property and further costs are unnecessary. I also notify you that the costs already taxed have been paid.

Mr. Kaine's bill to the bank for rent is a good joke, and very refreshing this hot weather—will see him later, but not to pay that bill.      Yours truly,      THOS. C. LAZEAR.

No notice was sent to Forsythe by the bank, and his wages were continued until about March, 1884.

The defence of the bank was that it owned the locomotive works adjoining which was the building in which the machinery was stored, and by the terms of the insurance policy it held on the works, was obliged to keep there a night watchman. Mr. Patterson, the director of the bank, who had arranged for the machinery to remain where it was in Forsythe's care, engaged a watchman, through the latter, to watch both buildings, and remitted his wages to him through Forsythe, who himself received nothing. Mr. Patterson fell sick in March, 1882, and died soon after, and the business was then conducted by C. J. Wade, the cashier, who being ignorant of the details, supposed when he engaged Forsythe in February, 1883, as watchman, that he was employed exclusively at the locomotive works. There was no evidence of any payments made by the bank to Cooper or Lytle, who occupied the premises during Forsythe's absence.

The defendants requested the court to charge, inter alia, as follows:

3. The testimony shows that the defendant has performed

[Bank *v.* Hall.]

the condition of its replevin bond, and is not in default in any particular, therefore the jury should find for the defendant.   Refused.

5. The finding and judgment of the Circuit Court on the replevin suit being for Kaine and Hyndman, established a title in them to the property in controversy, and destroyed all right of the bank to make further claim thereto.   Hence Kaine and Hyndman would not be entitled to recover the value of the property in this suit, but at the utmost only damages for the detention.   Refused.

6. To entitle plaintiff to recover damages for the detention of the property in this case, such damages should have been appraised and assessed in the original action of replevin, but not having been assessed in that case, and the costs in the replevin suit having been paid before the bringing of this action, the verdict should be for defendant.   Refused.   (Second, third and fourth assignments of error.)

The court also charged as follows: " The letter itself, the letter of Mr. Lazear, would not be sufficient if they had a man at that time in charge of these goods, unless they also withdrew from the custody of the goods.   If at the time this letter was written, the man in charge of these goods was there as their agent, it was also their duty to withdraw him from the goods as well as notify Kayne and Hyndman that they could have the goods.   Therefore it is important for you to see the bearing of this testimony on this question.   Who had the custody and charge of the goods at the time this letter was written.   Whether, after this letter was written, the bank retained their man in charge the same as they did before.   If they did until after the suit was brought, then the plaintiff is entitled to recover."   (Fifth assignment of error.)

Verdict for the plaintiffs for $10,000.   After verdict the plaintiffs on motion were allowed to amend their narr. by assigning a new breach as follows: " The plaintiffs further complain and state as a breach of the condition of the said writing obligatory that the defendant bank failed to make return of the said goods and chattels, as has been adjudged by law, they should do according to the form and effect of said condition of said writing obligatory, but wholly omitted so to do."   The allowance of this amendment was the plaintiffs' sixth assignment of error.   Judgment having been entered on the verdict the defendant took this writ of error, assigning for error the refusal of the court to charge as requested, the charge of the court above quoted, and the allowance of amendment of plaintiffs' narr.

*A. M. Brown* and *Thomas C. Lazear* for the plaintiff in

error.—The judgment in the replevin suit was for the defendants generally, not for a return of the goods. The bond was therefore not forfeited: Kimmel *v.* Kint, 2 Watts 432; Gibbs *v.* Bartlett, 2 W. & S. 29, contra, is opposed to the weight of authority: Pettygrove *v.* Hoyt, 11 Me. 66; Smallwood *v.* Norton, 20 Me. 83; Clark *v.* Norton, 6 Minn. 412; Badlam *v.* Tucker, 1 Pick. 284; Collamer *v.* Page, 35 Vt. 396; Mitcher *v.* Stanton, 49 Cal. 302. These cases decide that a judgment *de retorno habendo* is necessary before suit on the bond for the value of the goods. The plaintiff in such an action is held strictly to the condition of the bond: Way *v.* Barnard, 36 Vermont 366. The bank did its full duty in renouncing further claim to the goods, and it was the duty of the plaintiff to accept them: Wells on Replevin, § 419; Sopris *v.* Lilley, 2 Col. 498; Way *v.* Barnard, *supra*; Allen *v.* Fox, 51 N. Y. 562. The judgment in the replevin suit having established the title of the defendants therein, they cannot claim their value in this action but at most damages for their detention. As none were assessed in the replevin suit none can be recovered in this: Wells on Replevin, § 430; Sopris *v.* Lilley, 2 Col. 498; Kenley *v.* Commonwealth, 6 B. Mon. 583. For this reason also the amendment of the declaration should not have been allowed as it amounted to a change of the cause of action and affected seriously the question of damages.

*Geo. P. Graver* and *D. T. Watson* (with whom were *D.* and *George B. Kaine*,) for the defendants in error.—Each of the conditions of the bond is a separate and independent obligation, and the bond is forfeited for a breach of any one: Balsley *v.* Hoffman, 13 Pa. St. 607; Brown *v.* Parker, 5 Blackf. Ind: 291; Hall *v.* Smith, 10 Iowa 47; Persse *v.* Watrous, 30 Conn. 146; Berghoff *v.* Heckwolf, 26 Mo. 512; Gardiner *v.* McDermott, 12 R. I. 206; Humphrey *v.* Taggart, 38 Ill. 228; Gibbs *v.* Bartlett, 2 W. & S. 29; Gould *v.* Warner, 3 Wend. 54. The bank was unsuccessful and this was a failure "to prosecute with effect," and so a breach of condition of the bond: Elliott *v.* Black, 45 Mo. 373; Dias *v.* Freeman, 5 T. R. 195; Potter *v.* James, 7 R. I. 312; Roman *v.* Stratton, 2 Bibb (Ky.) 199; Gibbs *v.* Bartlett, 2 W. & S. 29, overruling Kimmel *v.* Kint, 2 Watts 431, is followed in Balsley *v.* Hoffman, 13 Pa. St. 605. To the same effect are Hicks *v.* McBride, 3 Phila. 377; Shell *v.* Hummel, 1 Pearson 19. The marshal's return to the replevin shows conclusively that there was a delivery of possession: Paxson's Appeal, 49 Pa. St. 195; Hill *v.* Grant, 49 Pa. St. 200; Diller *v.* Roberts, 13 S. & R. 60. To comply with the condition of the bond there should be an actual tender of the goods: Schrader *v.* Wolflin, 21 Ind. 238. The let-

[Bank *v.* Hall.]

ter of the bank could not be used as a tender, moreover, as there was no plea of tender: Sheredine *v.* Gaul, 2 Dallas 190. If damages for the unlawful taking are not assessed and the goods replevied are not restored, the defendant may recover in an action on the bond the damages, which will be the value of the goods when replevied, with interest: Ice Co. *v.* Webster, 62 Me. 341; Balsley *v.* Hoffman, 13 Pa. St. 611.

The amendment was properly allowed : Christine *v.* Whitehill, 16 S. & R. 98; Shannon *v.* Commonwealth, 8 S. & R. 448; Bailey *v.* Musgrave, 2 S. & R. 219.

Mr. Justice Green delivered the opinion of the court, January 5th, 1885.

The learned court below, in a very lucid and impartial charge, submitted to the jury the question whether the defendant had returned possession of the goods in question to the plaintiffs, and the jury found they had not. The only portion of the charge excepted to, relative to this subject, is that which is covered by the fifth assignment, and the practical character of the complaint is that the court did not hold the letter of Mr. Lazear to be a sufficient surrender of the property. The court did say to the jury that the letter would have been sufficient if the goods were in possession of the plaintiffs at the time, but that if they were in charge of an agent of the defendant, it was necessary, in addition to the letter, that the agent should be withdrawn. We cannot see any error in this. Of course the possession of the agent was the possession of his principal, and so long as the principal merely averred a willingness to surrender, but nevertheless permitted their agent to remain in possession, it can hardly be said that an actual surrender took place. The question whether an agent of the bank was in possession when the letter was written, and until after suit was brought, was a pure question of fact, and, as it seems to us, was most clearly and fairly submitted to the jury, with full explanations and references to the testimony. The fifth assignment is not sustained.

The only other material question in the cause was whether the plaintiffs could recover without having obtained a judgment for the return of the goods, and without having the damages assessed in the replevin suit. We think the law on this subject in Pennsylvania must be regarded as settled by the case of Gibbs *v.* Bartlett, 2 W. & S. 29. It was a well considered case, and the opinion contained a most careful review of the authorities and principles governing the subject. It was held with the utmost deliberation that a judgment *de retorno habendo* is not essential to a recovery on the

replevin bond, and that the several stipulations of the bond are distinct and independent, and a breach of any one of them constituted a forfeiture.   The case of Moore v. Bowmaker, 7 Taunt. 97, was cited and followed, in which it was held that a plaintiff in replevin is bound as well to prosecute with effect as to make return of the goods, and that if he fails to do either the bond is forfeited.   Gibbs v. Bartlett was approved and followed by this court in Balsley v. Hoffman, 1 Harr. 605, and in other cases its authority has been recognized and never doubted.   It has also been followed by the courts of several other states : Elliott v. Black, 45 Mo. 373 ; Gardiner v. McDermott, 12 R. I. 206 ; Berghoff v. Heckwolf, 26 Mo. 513.   It is true that a contrary doctrine has been held in some of these states, but we think the better reason is with our own decisions, and we are not disposed to change them.   The undertaking to prosecute with effect is certainly broken when the plaintiff in replevin fails in his action.   If he fails to return the goods after being ordered to do so, that also is a breach, but it is a different and an independent breach of another undertaking.   The case of Kimmel v. Kint, 2 W. 431, was overruled by Gibbs v. Bartlett, in which case ROGERS, J., said :   "The judgment de retorno habendo is not intended for the benefit of the defendant, but of the plaintiff in the replevin bond, who in some cases perhaps might prefer a return of the goods to the damages assessed by the jury.   It would be anything but an act of justice to permit a person who has wrongfully deprived another of his goods, and retained them in his possession until they were nearly destroyed by time and use, afterwards, when judgment was rendered against him for his wrongful act, to save a forfeiture of the bond by an offer to return the article in its depreciated condition.   Nor can the sureties be placed in any better condition than the principal."   We think it unnecessary to enlarge upon this reasoning.

As the damages were not assessed in the replevin suit, and the goods were not returned, it was entirely competent to assess them in the action on the bond.   As the amendment to the narr. simply conformed to the pleadings and the evidence on the trial, there was no error in its allowance.

                                        Judgment affirmed