WALLACE McPHERSON v. ACME LUMBER COMPANY.

1. CONDITIONAL SALE.  *Title reserved.  Assignment of debt.  Replevin by seller.*

   Where the seller of personal property has reserved title to secure the pur-
   chase-money, evidenced by notes, he may, after default, bring replevin
   for the property, notwithstanding he has indorsed the notes, and suits
   are pending thereon against the vendee by the indorsees.  The seller can
   enforce the security, but he will hold the property or proceeds in trust
   for the owners of the notes.  The court has ample power to protect the
   defendant from being compelled to pay twice.

2. REPLEVIN.  *Forthcoming bond.  Destruction of property.*

   It is no defense in replevin that the property in controversy, without fault
   of defendant, who had given bond therefor, was burned while in his
   possession.  *George* v. *Hewlett, ante,* 1.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Replevin by Wallace McPherson against the Acme Lum-
ber Company.

The case was, by consent, tried before the court without a
jury, upon an agreed statement of facts, the substantial parts
of which are as follows: In January, 1891, McPherson sold
to the Acme Lumber Company certain personal property,
being the machinery and outfit for a dry-kiln.  The written
contract between the parties provided that, upon receipt of
the bill of lading for the property purchased, the lumber
company should pay a certain sum in cash, and execute its
notes for $400 each, payable in three and five months respect-
ively.  The contract stipulated that the title of the kiln
should remain in the seller until payment in full should be
made.  After the execution of the contract, the parties
thereto agreed upon a change as to the size of the kiln and
the price to be paid, and, in accordance with this agreement,
the said lumber company paid a certain sum in cash, and ex-

ecuted its four notès for the balance of the purchase-price. These notes were indorsed and assigned by Wallace McPherson to other parties, and, as they fell due, the lumber company having failed to pay any of them, the holders instituted suits upon them. Subsequently, the lumber company executed a mortgage to other creditors, covering all its property, including the property in controversy, and the assignee of the above-mentioned notes united with other creditors in a bill to cancel the mortgage and subject the property embraced in it to the payment of their debts. After the institution of this suit, McPherson, being indorser on one of the assigned notes, paid to the holder thereof the sum of $115; and, while the above-mentioned suits at law and suit in equity were pending, he instituted this replevin suit to recover the property, the title to which he had reserved at the time of the sale. The defendant gave bond, and retained the property, and while it was in his possession, and before a trial of the replevin suit, it was burned. It does not appear how the property came to be burned, though it seems that counsel and the court assume that it was destroyed without fault on the part of the defendant.

It was agreed, further, that the questions to be decided, and upon which the rights of the parties should depend, are (1) whether the plaintiff can maintain replevin, while, at the same time, the assignees of the notes are suing thereon, and (2) whether the burning of the property, after the bond had been executed by the defendant, is a defense.

During the trial, the plaintiff offered to deliver to the defendant all the said notes if the defendant would pay the value of the property in controversy; but this proposition was not accepted. The court rendered judgment in favor of the defendant, and plaintiff appeals.

*Hamm, Witherspoon & Witherspoon,* for appellant.

1. It is no defense that the property was burned while in defendant's possession. By executing the replevin bond, de-

fendant prevented plaintiff from getting possession of his
property. But for this, the property would probably not
have been destroyed, or else plaintiff could have prevented
loss by insuring. It is just and right that the bond should
be liable. This question has been put at rest by the decision
of this court in *Hewlett* v. *George, ante*, 1.

2. The pendency of the suits on the notes cannot defeat
the action of replevin. It was clearly the intention of the
parties to the contract that defendant should be liable on
the notes, and that the property should also stand as a secur-
ity. Plaintiff was not willing to part with his property upon
the security of the notes alone. There is no effort to recover
the full price of the property, and, at the same time, recover
the property itself. The object of all the suits is the same,
*i. e.*, the collection of the debt due by the defendant. The
resort to the security is consistent with this purpose. The
vendor of land may, at the same time, enforce his lien in the
chancery court and sue at law on the purchase note. So a
mechanic may enforce his lien, and, at the same time, sue in
assumpsit. The vendor who reserves title can recover
even against an innocent purchaser from the vendee. 53
Miss., 609. It is only when the contract is rescinded that
the tender of the money is necessary. The bringing of an
action of replevin is merely enforcing the contract. *Duke* v.
*Shackleford,* 56 Miss., 552; *Dederick* v. *Wolfe,* 68 Miss., 500;
*Tufts* v. *Stone, ante,* p. 54. The fact that the notes have been
assigned cannot prevent McPherson from maintaining the
action of replevin. He has no interest in the collection of
the debts. He is no more than a naked trustee. He is inter-
ested to the extent that he is liable as the indorser on the
notes. Even since the institution of the action of assumpsit,
he has paid $115 to one of the plaintiffs because of his in-
dorsement. Hence, the lumber company owes that much
directly to McPherson. The mistake of counsel for appellee
is in considering the purpose of the action of replevin to be
the determination of who is the owner of the property in dis-

pute. It is to determine who is now entitled to possession. We do not contend that McPherson should recover the property and hold it as absolute owner. Defendant could, at any time, terminate plaintiff's right of possession by paying the balance of the purchase-money. See *Tufts* v. *D'Arcambal*, 85 Mich., 185 s.c. 24 Am. St. Rep., 79. If there were any merit in this contention, the offer of plaintiff, upon the trial, to return the notes is a complete answer to it.

*Miller & Baskin*, for appellee.

We submit that appellant cannot reclaim the property sold, and, at the same time, recover the purchase-money. He has neither the right to immediate possession as owner nor any special property as bailee. Hence, he cannot maintain replevin. *Buck* v. *Payne*, 52 Miss., 271. The record nowhere discloses that defendant is insolvent. The property ought not to be recovered and the notes also collected. Appellant transferred the notes, and, by so doing, stripped himself of all right to the property, or the proceeds thereof. He was paid therefor by the assignee of the notes. If it be true that the property is a mere security for the notes, and may be resorted to as such, the transfer of the notes carried this security as an incident.

Plaintiff, by joining in the chancery suit, is estopped to proceed with this action, under the well-known doctrine of election. Upon maturity of the note, plaintiff had the choice of remedies, either to bring suit on the notes or to bring replevin for the property. He cannot do both. The following cases seem to us conclusive against the appellee. 87 N. Y., 166; 46 *Ib.*, 354; 18 *Ib.*, 557; 48 Conn., 267; 6 Am. & Eng. Enc. L., 250; 3 *Ib.*, 434; *Bailey* v. *Hervey*, 135 Mass., 172; 126 *Ib.*, 482.

*Dederick* v. *Wolfe*, 68 Miss., 500, relied on by appellant, was decided with reference to a special stipulation in the contract by which the purchaser obligated himself to pay " absolutely and at all events." Besides, that was not a case where the notes had been assigned.

As to the liability of the sureties on the replevin bond after the destruction of the property, see *Atkinson* v. *Foxworth,* 53 Miss., 741.

Woods, J., delivered the opinion of the court.

1. The law is well settled in this state, that the vendor of personal property, under a conditional sale, whereby title is reserved in himself until notes evidencing the debt for the purchase-price have been paid, may sue in assumpsit on the notes, and, at the same time, institute replevin for the recovery of the property, title to which was retained, for the purpose of availing of this security for the payment of his debt. It is supposed, however, that, as McPherson, the appellant, has assigned and transferred all the unpaid notes to different parties, and that, as these third parties are suing in assumpsit on their respective notes, and McPherson is prosecuting this action of replevin, the rule of law stated above to be well settled in this state is inoperative in the case at bar. This supposition is unreal.

Waiving the rights of McPherson as an indorser on all the notes sued on, and his rights, because of his payment, since maturity, of $115 on one of the notes, there still can be no doubt as to his right to subject the property, title to which was retained in himself as security for the debt, to the payment of the unpaid notes. He alone can enforce this security given for the purchase-price. The title was retained by him for the purpose of securing the notes given for the purchase-price of the kiln, and the title is in him; but he is only the trustee for the holders of the notes, with the rights and powers of such trustee. On a recovery in this action, McPherson, as a mere trustee, must apply the money realized from the security to the payment of the debt secured by it; and, if the appellees, at any time, should entertain any fears as to the misapplication of the money recovered in this suit by the appellant, whereby it might be sought to enforce payment of the notes sued on in the other actions, after judgments obtained on them,

by a simple appeal to the proper court, all fears may be allayed by McPherson's being required to pay the money to those entitled to it, or by an order directing the money to be paid into court. If the appellee shall pay the notes to the holders, or pay the money that may be realized in this suit, designed to enforce a security given for payment of the purchase-price of the kiln, to the trustee, McPherson, it may readily protect itself from a double payment. There does not seem to us to be the slightest danger of the appellee having to pay the same debt twice. If the notes shall be paid even now, that payment may be successfully interposed as a perfect defense to the further prosecution of this action of replevin.

2. That the burning of the property after it had been re-plevied by the defendant, affords no defense in this action is decisively settled, in the opinion of this court, in the case of *George* v. *Hewlett, ante,* 1, decided at the October term, 1890. The views of the learned counsel for appellee, on this point, were repudiated in a carefully prepared and exhaustive exam-ination of this very question, and the case of *Whitfield* v. *Whit-field,* 44 Miss., which announced non-liability for the loss or destruction of property wrongfully withheld from the true owner, was, in express terms, overruled.

*Reversed and remanded.*