## CALDWELL v. STILES et al.

No. 9665—Opinion Filed July 20, 1920.

Rehearing Denied Jan. 8, 1921.

(Syllabus by the Court.)

**Appeal and Error—Liability on Supersedeas Bond—Replevin.**

In a replevin action, where the plaintiff obtains a judgment for possession of property and the defendant appeals from said judgment to the Supreme Court, and executes a supersedeas bond and retains possession of the property, in order to avoid the penalties of said bond, the party must show a delivery or offer of delivery of the property within a reasonable time in substantially as good condition as upon date of the judgment and without material depreciation in value. Evidence in the case at bar examined, and held, that the defendants have not shown such delivery.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by Walter D. Caldwell against George Stiles and others on supersedeas bond given in replevin action. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Wilson, Tomerlin & Threlkeld and Edward Spiers, for plaintiff in error.

D. S. Levy, for defendants in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by Walter D. Caldwell to recover on a certain supersedeas bond, executed by George Stiles and Catherine Stiles as principals and Whit M. Grant and A. F. Connellee as sureties. The material facts may be summarized as follows: George Stiles and Catherine Stiles executed a note to the City State Bank and secured the same by executing a chattel mortgage on one "Michigan Automobile." After default was made on said note, the City State Bank brought a replevin action against George Stiles and Catherine Stiles for the recovery of said automobile, claiming a lien thereon by virtue of its chattel mortgage. Upon the trial of said case, judgment was rendered in substance as follows:

Judgment in favor of the City State Bank for immediate possession of said automobile, and judgment is further rendered in favor of plaintiff and against the defendants in the sum of $1,000 in case the delivery of said automobile cannot be had from said defendants to plaintiff in as good condition as now in.

From said judgment George Stiles and Catherine Stiles appealed to this court and executed a supersedeas bond with Whit M. Grant and A. F. Connellee as sureties in the sum of $2,200, conditioned as follows:

"Now, therefore, if the said obligor shall pay to the obligee the condemnation money and costs and comply with said judgment in case said judgment will be affirmed in whole or in part then this obligation shall be void."

The case was affirmed by this court and reported as Stiles v. City State Bank, 56 Okla. 572, 156 Pac. 622. After the affirmance of

said judgment, the defendants George Stiles and Catherine Stiles delivered to the bank the automobile; and the bank proceeded to advertise and sell the same at public sale, under and by virtue of its chattel mortgage, and at said foreclosure sale the property sold for $230 and was bid in by a third party for the use and benefit of George Stiles.

The City State Bank assigned its judgment to Walter D. Caldwell, who is now the owner of the same, and has commenced this action on the supersedeas bond and alleged that, although the automobile had been delivered to the bank, the same was not in the condition, at the time it was delivered, that it was at the date the judgment was rendered in the former action for possession of the same, and on said date the automobile was of the reasonable value of $1,000, and when delivered to the bank some two years thereafter the value was not in excess of $230.

Defendants admitted the execution of the supersedeas bond, pleaded the fact that they had complied with the order of the court and delivered the automobile back to the City State Bank and the same was received by the bank in as good condition as it was at the date of the judgment and the execution of the supersedeas bond. The defendants also pleaded that George Stiles had been adjudged a bankrupt, and therefore no liability existed on said bond.

Upon the trial of the case to the court, a jury being waived, the case was submitted upon a partially agreed statement of facts, and the only contested question, material to a decision in the case, was the question as to whether the property was delivered to the bank in as good condition as it was on the date of the judgment and execution of the supersedeas bond, and whether the delivery of the automobile to the bank was a satisfaction of the judgment. The judgment in the former action fixed the value of the automobile at $1,000 and the plaintiff introduced evidence that from the date of the rendition of the judgment and execution of the supersedeas bond in 1914, to March 23, 1916, when the automobile was delivered to the bank, the defendant Stiles had possession of the same during all of said time, and used the same; that the value of the car was not to exceed $200 when the same was delivered to the City State Bank on the 23rd day of March, 1916. The defendants introduced evidence that the car was in as good mechanical condition at the date of the delivery, March 23, 1916, as it was the date of the judgment and the execution of the supersedeas bond. The defendants admitted using the automobile during the two years, and stated numerous repairs had been made on the same, which repairs consisted of a new axle, new gears, and trans-

mission, and many of the old parts were taken out, and new parts put in, a new top was put on, the brakes were fixed and repaired, and numerous other repairs were made. As to the value of the property, one of the chief witnesses for the defendants, who had made many of the repairs on the car, was asked in substance if the car was as valuable after two years use, being kept in repair during such time, as it was at the beginning of said period—

"It is as valuable as far as the mechanical condition is concerned, but as to sale possibilities, you could not sell it for as much money, though it is mechanically in as good condition."

At the close of the evidence, the court rendered judgment in favor of the defendants and against the plaintiff. From said judgment the plaintiff has appealed.

For reversal of said judgment, it is contended that under the undisputed evidence in the case the judgment should have been rendered for the plaintiff and against the defendants, and that the judgment for the defendants is not sustained by any evidence and is contrary to law.

The question presented may be stated: If in a replevin action, the court awards the property to plaintiff, and defendants appeal, and retain possession of the property by giving a supersedeas bond, and if upon appeal the judgment is affirmed and the defendants deliver the property to the plaintiff, is that a satisfaction of the judgment, or must the property be returned in substantially the same condition it was in at the date of the judgment, and without deterioration in value? The cases upon this question are not uniform, but the weight of authority, and especially the cases of recent date, support the theory that the party entitled to possession under the judgment is entitled to have the property returned to him in substantially the same condition as of the date of the judgment and without deterioration in value, and if the property is not so returned, the bond is liable therefor. The Supreme Court of North Dakota, in the case of Vallancy v. Hunt, 145 N. W. 132, stated as follows:

"There is not much dispute upon the legal proposition that, in order to avoid the terms of a bond, the defendants must show a return or offer to return of the property rebonded in substantially the same condition and without material deterioration in value. See Cobbey on Replevin, sec. 1184; note to 69 L. R. A. at page 286; Gibbs v. Bartlet, 2 Watts & S. (Pa.) 34; Nichols & Shepard Company v. Paulson, 10 N. D. 440, 87 N. W. 977; Jackson v. Morgan, 167 Ind. 528, 78 N. E. 633; Fair v. Bank, 69 Kan. 353, 76 Pac. 847, 105 Am. St. Rep. 168, 2 Ann. Cas. 960; Schott v. Youree, 142 Ill. 233, 31 N. E. 591; McPherson v. Acme

Lumber Co., 70 Miss. 649, 12 South. 857; Washington Ice Company v. Webster, 125 U. S. 426, 8 Sup. Ct. 947, 31 L. Ed. 799."

A case where the facts were almost identical is the case of. Anderson v. Phillips, 169 N. W. 313. Instead of being an automobile it was a threshing machine. The court in the opinion stated as follows:

"It would, to say the least, be unusual if machinery could be subjected to use and treatment such as that to which the machinery in question was subjected, and still remain in substantially as good condition as before. It seems that it would follow almost as a matter of course that there would be considerable deterioration in the quality and value of such machinery. It is true, Phillips claims to have made certain repairs of some of the machinery. The repairs, however, were of such nature as were rendered necessary in order that the machinery might be continued in use. The very fact that such repairs were required from time to time is of itself some evidence of the changed condition of the machinery."

The Supreme Court of Pennsylvania, in the case of Pittsburgh National Bank of Commerce v. Hall, 107 Pa. 583, stated as follows:

"It would be anything but an act of justice to permit a person who has wrongfully deprived another of his goods, and retained them in his possession until they were nearly destroyed by time and use, afterwards, when judgment was rendered against him for his wrongful act, to save a forfeiture of the bond by an offer to return the article in its depreciated condition. Nor can the sureties be placed in any better condition than the principal."

The Supreme Court of Kansas, in the case of Fair v. Citizens' State Bank of Arlington, 76 Pac. 847, stated as follows:

"It is an established and well-recognized rule of law that, where property has been taken on replevin to comply with the alternative judgment for a return of the property, it must be returned in substantially the same condition, and without deterioration in value, Washington Ice Co. v. Webster, 125 U: S. 426, 8 Sup. Ct. 947, 31 L. Ed. 799; George v. Hewlett, 70 Miss. 1, 12 South. 855, 35 Am. St. Rep. 626; McPherson v. Acme Lumber Co., 70 Miss. 649, 12 South. 857; Hazlett v. Witherspoon (Miss.) 25 South. 150; Hinkson v. Morrison, 47 Iowa, 167; Yelton v. Slinkard, 85 Ind. 190; 24 A. & E. Encycl. of L. (2nd Ed.) 538. Defendant could not, by the return of a worthless note, made such by deterioration in value caused by his retention of it, claim a compliance with the judgment rendered against him in the replevin action, and thereby escape liability. Defendant retained the property at his own risk as to deterioration in value, and not at the risk of plaintiff. He did not himself collect the note, and by retaining it deprived plaintiff of doing so. The statute contemplates that the property be returned in substantially the same condition and of the same value as when taken."

The Supreme Court of California, in the case of Morris v. Allen, 121 Pac. 690, stated as follows:

"The manufacture of motor vehicles is still largely in its infancy; and it is a matter of common knowledge that by reason of the many changes and improvements that are made from year to year an automobile manufactured and marketed in any one year necessarily decreases in value as a salable commodity with each succeeding year of its existence. This being so, damage from depreciation by reason of lapse of time was the direct and necessary result of the wrongful taking and detention in the case at bar, and was rightfully proven, and assessed under the general allegation of damages."

The same rule has been announced in the case of Chestnut v. Sales (Mont.) 141 Pac. 986; Hallidie Machinery Co. v. Whidbey Island Sand & Gravel Co. (Wash.) 131 Pac. 1156; Cobby on Replevin (2nd Ed.) section 1000; Wells on Replevin (2nd Ed.) 422. The rule is supported by the reasoning in the case of Leeper, Graves & Co. v. First National Bank of Hobart, 26 Okla. 707, 110 Pac. 655.

The fact that the evidence of the defendants in error disclosed that during the two years it was made necessary, by reason of using the automobile, to put in a new axle, a new gear, a transmission, and to put on a new top, seems almost conclusive evidence that it was impossible to return the property in the same condition, without deterioration, that it was in at the time of the giving of the bond and that delivering the property in that condition was not a compliance with the judgment.

There was no evidence upon the part of the defendants that the automobile had not deteriorated in value or that the same was as valuable when delivered as it was on the date of the judgment. The defendants in error contended that the judgment, or the portion of the same, was void, for the reason the judgment should have read, "for the return of the car or its value in the sum of $1,000," but the wording of the judgment was different, as it read, "the return of the car, and judgment against the defendant for $1,000 in case the delivery of the car cannot be had." The judgment as written has the same meaning as if it were written as counsel contends it should have been, and we think there is no merit in this contention.

The defendants in error have not briefed the case nor attempted to support the judgment for the reason they were released by the bankruptcy proceedings. We will not discuss that part of the case any more than to say that the judgment rendered in the case of

City State Bank v. Stiles was for possession of an automobile and was rendered after defendant Stiles had been declared a bankrupt, and the appeal bond upon which this suit was brought was executed after that time.

The defendants in error further contend that the judgment, in so far as it attempted to require the defendants Stiles to return the property in as good condition as it was at the time of the judgment, was beyond the authority of the court and void. This contention we do not think is well taken, and the discussion of the cases heretofore cited and referred to are applicable to the discussion of this question. The plaintiff having produced testimony that the car had deteriorated in value during the two years the same had been unlawfully detained and used by the defendants Stiles, and the only testimony of the defendants in error being that the car was in as good mechanical condition as on the date of the judgment, offering nothing to contradict the evidence that the car had deteriorated in value, makes the judgment of the court erroneous, for it is not supported by any evidence.

For the reasons stated, the judgment of the court is reversed and remanded, with instructions to grant the plaintiff in error a new trial.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, and RAMSEY, JJ., concur.