**GERBER et al. v. WEHNER.**

No. 14453—Opinion Filed Nov. 6, 1923.

Rehearing Denied Dec. 4, 1923.

(Syllabus.)

1. **Action—Joinder of Causes of Action— Action on Several Bonds.**

Actions upon different bonds with different sureties may be joined where the different bonds relate to the same matter and are similarly conditioned, and the default complained of constitutes a breach of each

bond so as to render all of the sureties upon the different bonds liable therefor.

## 2. Replevin—Liability on Redelivery Bond.

Where, in a replevin action, a redelivery bond has been executed by the defendant and an alternative judgment is thereafter rendered against the defendant, it is the duty of the defendant to promptly and in good faith return all of the property in as good condition as when replevined, and the failure to do so will render the sureties on the replevin bond liable for the full amount that the obligee may be damaged thereby. It is not necessary that the plaintiff cause a writ to be issued directing the sheriff to take the property and return it to the plaintiff before proceeding to enforce the money judgment or filing suit on the bond.

## 3. Same — Supersedeas Bond — Tender of Property—Sufficiency.

In a replevin action where the defendant executes a redelivery bond and retains possession of the property, and, upon judgment being rendered against him, executes a supersedeas bond, and, after judgment becomes final, suit is brought on the bond, in order to avoid penalties of the bond by reason of a tender of property, defendant must show a tender of the property within a reasonable time and in substantially as good condition as on the date on which it was replevined and without material depreciation in value, and a tender of the identical property in substantially as good condition but which is of less value by reason of decrease in the market price does not avoid the penalties of the bond.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by John J. Wehner against Frank Gerber and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Boynton & Reilly, for plaintiffs in error.

John T. Bradley, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to recover from the plaintiffs in error on a replevin bond and a supersedeas bond, which had been filed in a replevin action wherein John J. Wehner was plaintiff and Frank Gerber was defendant. The parties will be hereinafter referred to as plaintiff and defendants, as they appeared in the trial court. Wehner filed a replevin suit against Gerber for the possession of certain wheat. Gerber executed a redelivery bond in the sum of $504 with John H. Schaeffer and J. M. Hau as sureties. Upon a trial of the case, judgment was rendered for the plaintiff, and Gerber thereupon executed a supersedeas bond with Jacob Hau and J. M. Hau

as sureties. The redelivery bond was conditioned:

"The defendant will deliver said property to said plaintiff if such delivery be adjudged, and that he will pay all costs and damages that may be awarded against him."

The supersedeas bond was conditioned:

"If said defendant shall pay and will pay the condemnation money and costs, or deliver said wheat if delivery can be had, in case the judgment or final order in such case shall be affirmed in whole or in part, then this obligation shall be null and void."

Suit was brought against the principal and sureties on both of the bonds to recover for a failure to deliver the wheat. The defendants filed a motion to require the plaintiff to separately state and number the different causes of action, a motion to require the plaintiff to elect on which cause of action he would rely, and a demurrer on the ground that several causes of action were improperly joined. These motions and the demurrer were by the court overruled, and the defendants allege that the action of the trial court in that regard was error.

The defendants rely upon Bryan v. Sullivan, 55 Okla. 109, 154 Pac. 1167. The instant case is not controlled by that case, as the bonds in that case were given to secure the performance of conditions which were substantially different. The case at bar is controlled by First National Bank Bldg. Co. v. Riddle, 77 Okla. 143, 187 Pac. 479, in which the authorities are collected and the following rule approved:

"Under some circumstances, however, causes of action upon different bonds with different sureties may be joined, as where the different bonds relate to the same matter and are similarly conditioned, and the default complained of constitutes a breach of each bond so as to render all of the sureties upon the different bonds liable therefor."

In the instant case the bonds were executed by different sureties, but they related to the same matter and were similarly conditioned, and the default, to wit, failure to return the replevined property, constituted a breach of each bond and rendered all of the sureties upon both bonds liable therefor and the actions upon both bonds were properly joined.

The defendants contend that the demurrer to plaintiff's petition should have been sustained because the plaintiff did not allege that a writ had been issued to the sheriff directing him to take and return to

the plaintiff the property, if it could be found and delivered. Defendants contend that the issuance of such a writ was required before the plaintiff could proceed to collect on, the money judgment rendered in lieu of the return of the property. We cannot agree with this contention because in an action of replevin where there is an alternative judgment rendered for the return of the property taken, or its value, it is the duty of the party against whom the judgment is rendered to promptly and in good faith tender all of the property in as good condition as when it was replevined, and failure to do so will render the sureties on the replevin bond liable for the full amount that the obligee may be damaged thereby. Leeper, Graves & Co. v. First National Bank of Hobart, 26 Okla. 707, 110 Pac. 655. So, in the instant case, there was no duty or obligation on the part of the plaintiff to have a writ issued for the purpose of recovering the property; but, upon a failure of defendants to tender the property, he could maintain an action on the bond.

It is next contended that the trial court should have directed a verdict for the defendants. The evidence in this case disclosed that the property involved in the replevin action was 105 bushels of wheat which was replevined from Gerber on July 15, 1920, and was at that time of the value of $252. This wheat was stored in an old house on certain described lands. Gerber executed a redelivery bond and retained possession of this wheat, and thereafter several hundred bushels of other wheat of like kind and quality were thrown into the house with the wheat which had been replevined. After judgment was rendered against Gerber in the replevin suit, he removed all of the wheat from the house except 105 bushels, which he tendered to plaintiff and which the plaintiff refused to accept. It was the contention of the plaintiff that the wheat tendered was not the identical wheat which had been replevined and that at the time it was tendered the wheat was of the value of $100.80, whereas it was worth $252 at the time it was replevined. Gerber contended that the what which was tendered was substantially the same wheat which had been replevined; that he scooped this wheat over to one side of the room before the other wheat was thrown in; and that there was necessarily a mixture of some of the wheat due to the other wheat being thrown in there, but that it was substantially the same wheat.

If the decrease in the value of the wheat justified the plaintiff in refusing to accept the tender of the wheat made by Gerber, it is unnecessary to consider the other assignments of error, as the plaintiff would have been entitled to a directed verdict, and the refusal of the trial court to direct a verdict for the defendants and any error in the instructions given by the court would be harmless. The defendants contended that the tender of substantially the same wheat and in the same condition it was in at the time it was replevined was a release of the bonds although the wheat had decreased in value. The plaintiff contends that the defendants were required to tender or deliver the property within a reasonable time in substantially as good condition as upon the date it was replevined and without material depreciation in value. This question has been determined in Caldwell v. Stiles, 80 Okla. 106, 194 Pac. 226, in which the court used the following language:

"In a replevin action, where the plaintiff obtains a judgment for possession of property, and the defendant appeals from said judgment to the Supreme Court, and executes a supersedeas bond and retains possession of the property in order to avoid the penalties of said bond, the party must show a delivery or offer of delivery of the property within a reasonable time in substantially as good condition as upon date of the judgment and without material depreciation in value."

In that case depreciation in value was due to deterioration of the property, but there is no reason why the same rule should not be applied where there is a decrease in value regardless of the cause.

It is our opinion that since the wheat in the instant case was of much less value at the time of the tender than at the time replevined, the bonds were not released by the tender and plaintiff was entitled to a directed verdict, and the judgment of the trial court should be affirmed, and it is so ordered.

McNEILL, V. C. J., and NICHOLSON. BRANSON, and MASON, JJ., concur.