## C. I. T. CORPORATION v. BRUCE et al.

No. 26004. Sept. 25, 1935.

Rehearing Denied Nov. 19, 1935.

Opinion Modified and Second Petition for Rehearing Denied Dec. 17, 1935.

T. J. Lucas, for plaintiff in error.

John R. Miller, L. O. Lytle, and Roy T. Wildman, for defendants in error.

PER CURIAM. The parties appear here in the same position in which they appeared in the trial court. Plaintiff sued the defendants for damages alleged to have accrued by reason of depreciation in the value of an automobile while in possession of Grant Bruce, one of the defendants, and which had been delivered by the sheriff of Creek county to the said Grant Bruce after execution of a redelivery bond in a replevin action brought by the plaintiff against the said Grant Bruce, which bond was signed by the said Grant Bruce, as principal, and the other defendants, as sureties. In this replevin action the plaintiff recovered a judgment in the alternative against Grant Bruce for the possession of the automobile, or in lieu of its possession the value thereof, which was fixed by the judgment at the sum of $525. The automobile was returned after said judgment to the plaintiff, but the plaintiff alleges in his petition that there had been a depreciation in the value of the automobile while in the possession of the defendant Grant Bruce in the sum of $475, and prays for judgment against the defendants for this sum and for the sum of $20 as cost accruing in a replevin action, which last item is eliminated from the action by tender of the amount into court by the defendants.

The plaintiff attached a copy of the redelivery bond to his petition and the defendants filed a demurrer to the petition, which was overruled by the court, and separate answers were then filed by the defendants and a jury was impaneled to try the cause. At the conclusion of the evidence offered by the plaintiff, the defendants demurred, which demurrer to the evidence was sustained by the court, and judgment was entered for the defendants. The trial court recites in his judgment that his reason for sustaining the demurrer to the evidence is that the redelivery bond on which the action is based is conditioned that said defendants shall return to said plaintiff the said property herewith returned to said defendants by said sheriff, if such return be adjudged. and pay all costs and damages awarded against him in this action, and that, inasmuch as no damages were awarded the plaintiff in the replevin action, he could not recover on an action brought on a redelivery bond.

The sole question presented by the record, and in the briefs submitted by the respective parties, is whether the liability of the defendants was restricted to damages awarded in a replevin action or whether they could be held in an action on the redelivery bond for damages by reason of the depreciation of property while held under said bond, but which damages were not awarded in the original action.

The redelivery bond on which this action is based is not in the exact words of the statute. The statute (St. 1931, sec. 937) provides, in substance. that the defendant will deliver the property to the plaintiff if such delivery be adjudged and will pay all costs

and damages that may be awarded against him. It is not necessary in this action to decide whether this variance in the redelivery bond from the wording of the statute is sufficient to prevent its being a statutory bond, for the reason that the defendants' liability in this action is created by the covenant in the bond to return the property to the plaintiff.

Where an alternative judgment is for the return of the property, or in lieu of the same its value in a sum fixed by the judgment, a return of the property in a worn condition or after it has depreciated in value does not satisfy the judgment. This question has been determined in a number of cases by this court. In the case of Dew v. Hoffman, 130 Okla. 247, 266 P. 1107, this court said:

"Therefore, we may concede that at the time of the tender the car was in substantially the same mechanical condition as when replevied, yet this might be immaterial as to its value at said times. Under the judgment in the replevin action, which was not appealed from and became final, the plaintiff was entitled to recover the sum of $2,300, unless the car was returned in substantially the same condition and value as of the date the cause was instituted; that is, without material depreciation in value. The car was taken under writ of replevin on July 23, 1924, and the tender was not made until May 8, 1925. The evidence is undisputed that there was a large depreciation in its value during this time. This was sufficient to enable the plaintiff to recover, although there may have been evidence that the car was in as good condition mechanically as at the time replevied."

This decision follows similar decisions by this court in the cases of Gerber v. Wehner, 96 Okla. 48, 220 P. 648; and Caldwell v. Stiles, 80 Okla. 106, 194 P. 226.

This same rule has been followed by a majority of courts in other states. The Supreme Court of Massachusetts, in the case of Samuel W. Tucker v. Tremont Trust Co. et al., 242 Mass. 25, 136 N. E. 62, reported and annotated in 24 A. L. R. 1185, said:

"The case at bar comes within the principle declared and applied in Parker v. Simonds, supra; Stevens v. Tuite, supra; and Citizens' Nat. Bank v. Oldham, 136 Mass. 515. The master's report means that the value of the trucks had depreciated between the time when they were replevied and the time of the rendition of final judgment. to the extent of $1,000. This loss is not damages arising from detention, and

hence, under the authority of Citizens' Nat. Bank v. Oldham, could not have been recovered in the replevin action. It is damages arising from failure to comply with the condition of the replevin bond, viz., 'to see that the property was restored to the plaintiff in like good order and condition as when taken.' "

The language used in the redelivery bond on which this action is based does not in any way limit the obligation of the defendant to return the property to the plaintiff, if a return is adjudged, in substantially as good a condition as when replevied.

The judgment of the trial court is reversed and remanded, with directions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys Joseph W. Foster, T. H. Dubois, and D. C. McCurtain in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Foster, and approved by Mr. Dubois and Mr. McCurtain, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.