## RUCKER et al. v. CAMPBELL.

No. 27484.    Sept. 21, 1937.

Hoyt & Stephens and Arthur H. Dolman, for plaintiffs in error.

Oscar C. Simpson, for defendant in error.

GIBSON, J. Suit herein was brought by Wallace Campbell, seeking judgment against some of plaintiffs in error, defendants below, as makers of a redelivery bond in replevin, and against others as sureties on the supersedeas bond given when Campbell was awarded judgment for the replevied automobile. On appeal in the original case, Rucker v. Campbell, 172 Okla. 429, 45 P. (2d) 455, this court affirmed that part of the judgment awarding possession of the car, but reversed the alternative judgment fixing value.

After obtaining possession of the automobile Campbell sold it for $175. Then in one action he brought suit against all plaintiffs in error for the damages he alleged he sustained from the decrease in value of the car—the difference in value at the time of redelivery and at the time of obtaining possession pursuant to mandate of this court. He recovered judgment against the makers of the redelivery bond for the entire difference in value, and against the makers of the supersedeas bond for a proportionate part of the depreciation suffered after the time of giving the supersedeas.

For reversal all defendants join and file one petition in error. They first contend that the court should have held the original judgment in replevin and the decision thereon by this court res adjudicata or an estoppel. We do not agree. In the original case it would have been impossible to prove damages arising between the date of the redelivery bond and the return of the car, which occurred after the decision of this court. The amount of damages sustained was a proper question to be determined in a suit on the bonds. Gerber v. Wehner, 96 Okla. 48, 220 P. 648; Caldwell v. Stiles, 80 Okla. 106, 194 P. 226.

Where a question is reserved or excluded from the judgment, or would not properly be an issue in litigation, the judgment therein is not res adjudicata as to such question. Cuneo v. Champlin Refining Co., 178 Okla. 198, 62 P. (2d) 82.

The objection to the sufficiency of the evidence to support the judgment is not well taken. Plaintiff and his witnesses, with considerable experience in the automobile business as a background, testified to the value of the car on the dates in question; no testimony to the contrary was given. The objection below, it appears, was based mainly on the contention that the

issue had already been adjudicated. Furthermore, there was sufficient evidence admitted without objection to prove every material issue on the question of damages.

It is urged finally that the liability on the supersedeas bond, if any, is not the same as the liability on the redelivery bond, hence the court erred in rendering judgment against the makers of the respective bonds. If, however, those appealing jointly are not jointly affected, the assignment cannot be considered here. Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910. If the plaintiffs in error are jointly affected, then there is no error. An action upon a redelivery bond may be joined with an action on a supersedeas bond when the question to be determined is the amount of damages sustained because of the detention of the property under the two bonds. Caldwell v. Stiles, supra; Gerber v. Wehner, supra.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.