Harry BUCKMASTER, Plaintiff in Error,

v.

CITIZENS STATE BANK, a Corporation, Defendant in Error.

No. 41034.

Supreme Court of Oklahoma.

Feb. 6, 1968.

Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

Harold Dodson, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This appeal evolves out of an action on a redelivery bond filed in a previous replevin action in the same trial court.

The basis of that action, said Court's Cause No. 19552, styled "Citizens State Bank, a Corp., Plaintiff v. Carroll Smalling et al., Defendants", was a promissory note dated October 14, 1960, and a chattel mortgage, which Carroll and his wife, Haleta Smalling, executed and delivered to Brassfield Mobil Homes Company of Oklahoma City, on the same day, to secure its payment. The mortgage covered a used 1959 model Warrior two-bedroom house trailer, and (according to the description contained in the instrument) "all accessories thereto attached", which the Smallings had purchased from said mortgagee and dealer in trailers.

The same day the note and mortgage were given, the trailer dealer, hereinafter referred to merely as "Brassfield", endorsed and assigned them to the above named Oklahoma City Bank, and, after the Smallings became delinquent in making the payments prescribed in the note, the Bank instituted said Cause No. 19552, supra, in June, 1961. Thereafter, on June 22, 1961, the trailer was taken into the Sheriff's custody under an affidavit in replevin and replevin bond filed by the Bank, and thereafter the Smallings regained possession of it under the so-called "Redelivery Bond" filed in the action, June 23, 1961, on which the present action is based. The surety on said bond is plaintiff in error, Harry Buckmaster, a Ford dealer at Hydro, Oklahoma, where the Smallings had been living in the trailer. According to the journal entry entered in the replevin action (Cause No. 19552, supra) in March, 1962, the court, in that case, directed judgment in the Bank's favor for possession of the trailer, "with all accessories thereto attached, or its value in the sum of $4,004.95", as well as an attorney's fee "and the further sum of $500.00 damages for wrongfully withholding said property", plus the costs of the action in the sum of $60.65.

After the Bank's attorney had written to the Smallings' attorney, Brassfield, at the request of one of the Bank's Vice-Presidents, sent Wilbert Jones, from its service department, to Hydro to get the trailer. By April 21, 1962, the trailer had been transported to Brassfield's sales lot in Oklahoma City where, at a public foreclosure sale conducted by the Bank's attorney, it was sold to the redelivery bond surety, Buckmaster, at the highest bid of $1550.00.

After crediting this amount on the unpaid balance due on the Smallings' note of $4,004.95 (which sum had been decreed to be the trailer's value in the replevin judgment as hereinbefore shown) the Bank (which in the meantime had changed its name to "Citizens National Bank") instituted the present action against Mr. Smalling and his redelivery bond surety, Buckmaster, as defendants, to recover the sum of $2454.95, which was alleged in said plaintiff's petition to be the difference in the value of the trailer, when it was taken under the hereinbefore mentioned "original writ of Replevin, and its value at the time it was delivered to plaintiff in April, 1962." To said petition was attached a copy of said previous action's redelivery bond, in which the obligation of its signers, to the

Bank, was described in words and figures as follows:

"* * * . . ., We, the undersigned, . . . bind ourselves unto said CITIZENS STATE BANK, A CORPORATION, plaintiff, in the sum of Eight Thousand and No/100 ($8000.00) Dollars, (being double the appraised value of said property) *that said property or its appraised value in money shall be forthcoming* to answer the judgment of said court in said action." (Emphasis added.)

In their separate answers filed in the present action, the defendants took the position that the condition of the trailer, and its "accessories", was the same when finally delivered to plaintiff, as when the redelivery bond was executed, and that plaintiff had accepted them, as such, "in full compliance with the terms and provisions of and in satisfaction of said bond." The answer of the surety Buckmaster contained an additional, but unfounded allegation, the substance of which was that plaintiff was attempting to collect (in addition to the difference between $4004.95, the value of the trailer, as found in the previous replevin judgment, and the $1550.00 the trailer brought at the subsequent foreclosure sale), the $500.00 which plaintiff had ostensibly been awarded against the Smallings in Cause No. 19552, supra, as damages for wrongfully withholding possession of the trailer.

At the trial, after plaintiff had proved the above stated facts, and others, and, among other things, had elicited testimony from two expert witnesses as to the value of the trailer in April, 1962, when it was repossessed under the judgment in Cause No. 19552, supra, as aforesaid, the defendant surety interposed a general demurrer to plaintiff's evidence, and also moved that all of the evidence with reference to damages done the trailer while in the Smallings' possession under the redelivery bond, be stricken, on the ground that said bond was not a statutory redelivery bond, and bound its obligees *only* to deliver the house trailer involved to the Bank, without obligating

them to pay for any such damages to the trailer. When this motion and demurrer were overruled, defendants put on their evidence, during the course of which the Smallings testified to the effect, among other things, that the trailer was in as good a condition in April, 1962, when it was taken from them and transported to Oklahoma City, as when the subject redelivery bond was filed in said Cause No. 19552, supra, on June 23, 1961. It was also shown that no consideration, or bonding fee, was paid Buckmaster for becoming the surety on said bond.

At the close of the evidence, the trial court overruled separate motions for directed verdicts on behalf of the plaintiff and the defendant Buckmaster, respectively; and, before the jury began its deliberations under the court's instructions, defense counsel objected to the verdict forms furnished, and requested that the jury be given one form with which to "render a verdict in favor of the defendant Buckmaster alone."

At the close of its deliberations, the jury returned a verdict for plaintiff in the amount it had sought, $2454.95. After the overruling of the motion, and supplemental motion, of the defendant Buckmaster for a new trial, he perfected the present appeal. Since he is the only appealing "defendant", our continued use of that word, without further identification, will apply to him only.

Under said defendant's first proposition for reversal, he takes the same position he took at the trial in attempting to support his challenges to the sufficiency of the evidence and motion to strike plaintiff's evidence as to damages, i. e., that since the wording of the bond he signed, that was used as a redelivery bond in this case, did not describe its penalty as prescribed in Tit. 12 O.S.1961, § 1577, and did not covenant that the defendant Smalling, "will pay all costs and damages that may be awarded against him * * *", (as expressly contemplated in said statute), Smalling, the principal in said bond, was not liable for

the sum plaintiff sought, and recovered, in this action; and this defendant surety's liability, under said bond, could be no greater than that of said principal, citing Tit. 15 O.S.1961, § 373. He argues that since the bond in this case did not mention any obligation to pay damages, that both Smalling's, and his, obligation under the bond was discharged, when the replevied trailer was "forthcoming", and came into the plaintiff Bank's possession under the hereinbefore quoted alternative judgment in Cause No. 19552, supra, for possession of the trailer and accessories, or its value in the sum of $4004.95 (and the other relief therein granted).

Plaintiff, on the other hand, contends, in substance, that even if the subject bond was not valid as a statutory replevin bond because of the variance between its wording and the statutory language of § 1577, supra, it did constitute a valid common law obligation (citing, among other authorities, the third paragraph of the syllabus in Wood v. Colby, 30 Okl. 106, 118 P. 584) on the part of its obligors to surrender possession of the trailer in as good a condition as it was in when the subject redelivery bond was made, and without depreciation; and further that delivery of the trailer to plaintiff, after rendition of the alternative replevin judgment, was a "pro tanto only" satisfaction of said judgment, citing C. I. T. Corp. v. Bruce, 175 Okl. 346, 52 P.2d 825, Lierly v. Motor Mtg. Co., 174 Okl. 153, 50 P.2d 156, and other authorities.

■ The weakness of defendant's presentation is that he does not deny the duty of the principal, in a bond given for the redelivery to him of replevied chattels, to relinquish possession of the chattels to the bond's obligee (after an alternative judgment in the latter's favor for possession of the chattels, or their value) without depreciation in their value. Whether such a duty is of common law origin, or not, it is the nucleus of a rule of law recognized in all jurisdictions. See the early cases of Caldwell v. Stiles, 80 Okl. 106, 194 P. 226, and Gerber v. Wehner, 96 Okl. 48, 220 P.

648, cited in Dew v. Hoffman, 130 Okl. 247, 266 P. 1107, Wortham v. Mathews, 207 Okl. 466, 250 P.2d 428, and many other later cases; see also 77 C.J.S. Replevin § 307b. The money judgment plaintiff in the present case sought, and recovered, representing the difference in the trailer's value at the time the subject redelivery bond was made, and its value almost a year later, when (after being lived in during this period by the Smallings and their four children) it was finally relinquished to plaintiff under the latter's replevin judgment, is not to be confused with damages for wrongful withholding possession of the trailer, for which that judgment awarded plaintiff, as additional relief, the sum of $500.00, but which, as far as the record shows, plaintiff has never attempted to collect. This feature distinguishes this case from General Securities Corp. v. Hindes, 119 Kan. 226, 237 P. 659, quoted in Monte Rico Mill & Mining Co. v. United States F. & G., 35 N.M. 616, 5 P.2d 195, 201, 202, in which the court concluded that liability for such damages would increase the penalty prescribed in the bond. In the present case, the court by the subject judgment, was merely enforcing Mr. Smalling's duty to return the trailer in substantially the same condition, and value, it had when the Smallings regained its possession by filing the redelivery bond; and said judgment, to the effect that the trailer had decreased in value from the time that bond was filed in June, 1961, and the trailer was delivered to the Bank in the Spring of 1962, rendered the surety on said bond liable for this difference in value, regardless of the fact that the bond did not contain the added penalty provision authorized in § 1577, supra, for the payament of "all costs and damages that may be awarded * * *". This conclusion also shows to be without merit defendant's argument under his Proposition IV that the court erred in admitting the evidence as to this difference in value.

■ Under his Proposition II, defendant complains of the trial court's admission into the evidence, over his objection, of the letter (hereinbefore referred to) that its at-

torney wrote to the Smallings' attorney before it obtained possession of the trailer, because the letter stated that the Smallings had refused to relinquish the trailer's possession the first time the bank attempted to obtain it. Defendant says such a statement was "self-serving" and constituted "hearsay". His argument that the letter's admission was prejudicial, however, is based on the premise, already rejected herein, that the sole duty of the obligors, under the redelivery bond, was to return the trailer (in its then condition). As the present case involved no attempt to collect damages for any wrongful withholding of the trailer by the Smallings, we see no prejudice to the defendant in the admission of this letter into the evidence. We therefore hold that the error in its admission, if any, was harmless under the circumstances, and constitutes no cause for reversal of the trial court's judgment.

■ Under his Proposition III, defendant argues that the trial court erred in allowing plaintiff to inform the jury (over his objection), both by its counsel's opening statement and by testimony elicited from the witness, Griffith (one of the operators of Brassfield Mobil Homes Co.), of the price ($1550.00) for which the trailer was sold at the chattel mortgage foreclosure sale. Defendant says that price was no criterion of the trailer's true value, because a foreclosure sale is a "forced" sale. In our opinion, defendant is in no position to complain of these alleged errors, which, under the circumstances, could not have prejudiced him, since the defendants introduced no expert testimony as to the value of the trailer at the time it was repossessed, and the expert testimony, plaintiff introduced, indicated that this value was substantially less than the $1550.00, for which it was sold to the defendant. While it is true that the Smallings themselves expressed opinions in their testimony that the trailer was in as good, if not better, condition at the time they relinquished it, as when they regained it under the redelivery bond, the record of their testimony also contains other statements indicating that the trailer, and/or its equipment, was damaged at that time; and, at one place in his testimony, when Mr. Smalling was asked if he said the trailer had depreciated in any way, he answered: "Not too awfully much." As we have concluded that, on the basis of the competent evidence, the jury might have deducted more than $1550.00 (sale price) from plaintiff's alternative replevin judgment of $4004.95, in arriving at the amount of plaintiff's recovery against the defendants in the present action, and that such reduction was obviously greater than defendants had any right to expect under the other evidence in this case, we hold that the errors complained of in this connection, if any, were harmless under the circumstances.

■ Under his Proposition V, defendant also complains of the trial court's admission of "evidence" as to the damaged condition, and depreciated value, of the furniture inside the trailer. This contention of error is based on the fact that the only property described in plaintiff's chattel mortgage—other than the trailer itself—was "all accessories thereto attached", and the further fact that the evidence showed that this furniture was not physically attached to the structure of the trailer. The record reveals that the defendant, as well as the plaintiff, elicited testimony as to the damaged condition of this furniture. Furthermore, insofar as the evidence (other than the appearance of the word "attached" in the mortgage) shows, the furniture was intended to be, and was, covered both by the chattel mortgage and the judgment previously entered in the replevin action. Under the circumstances mentioned, there was no error in the admission of the testimony complained of.

■ Under his sixth and last Proposition, defendant complains of the jury's not being furnished with a form of verdict, with which it could have exonerated him, as surety, from liability under the bond, while, at the same time, awarding plaintiff recovery against Mr. Smalling only. While

the record does not affirmatively reveal any ruling by the trial court upon defense counsel's hereinbefore mentioned request that such a verdict form be furnished the jury (see Myers v. Diehl, Okl., 365 P.2d 717, 722, citing In re Cully's Estate, Okl., 276 P.2d 250), the record does reveal that the case was submitted to the jury under instructions which properly (since the surety is in no better position than his principal, Lierly v. Motor Mtg. Co., supra) contemplated—in the event of a verdict in favor of the plaintiff—its recovery against both defendants jointly; and no complaint is made to this court about any of said instructions. In view of the foregoing, defendant's argument under its sixth Proposition presents no error.

As we have found no cause for reversal in any of the defendant's arguments, the judgment of the trial court is hereby affirmed.

All the Justices concur.