## JACOBS v. WALKER.

No. 14159—Opinion Filed July 3, 1923.

(Syllabus.)

**Replevin—Liability on Redelivery Bond for Animal Dying During Pendency of Action.**

Where in an action of replevin the defendant executed a redelivery bond for a horse taken by the sheriff under an order of replevin, and the horse died during the pendency of the action, in which it was decided that the plaintiff was the owner and entitled to the possession of the horse, the defendant and his sureties are liable to the plaintiff on such bond for the value of the horse.

Error from District Court, McClain County; John L. Coffman, Assigned Judge.

Action by H. M. Walker, surviving partner, against H. R. Jacobs on redelivery bond in replevin. Judgment for plaintiff, and defendant brings error. Affirmed.

Glasco & Glasco, for plaintiff in error.

W. L. Eagleton, for defendant in error.

KENNAMER, J. The plaintiff, H. M. Walker, as the surviving partner of C. C. Walker, instituted this action in the district court of Garvin county against the defendant, H. R. Jacobs, to recover $500 with interest from the 9th day of October, 1913, upon a redelivery bond in replevin.

On the 21st day of September, 1922, the cause was heard by the court and judgment rendered in favor of the plaintiff on his motion filed for judgment on the pleadings. The defendant, Jacobs, prosecutes this appeal to reverse the judgment.

The material facts are briefly stated as follows: C. C. Walker and H. M. Walker, on the 9th day of October, 1913, instituted a replevin action in the district court of Garvin county against W. L. Hinton to recover possession of a stable horse alleged to be of the value of $500. The plaintiffs obtained an order in replevin, which was executed by the sheriff of Garvin county by taking possession of the horse. The defendant in the action, Hinton, executed a redelivery bond signed by H. R. Jacobs as surety for him, and the horse was returned to the possession of Hinton after the approval of said bond.

On the 12th day of April, 1920, the replevin action was tried and judgment rendered in favor of the Walkers for the possession of the horse, or in the event the redelivery of the horse could not be made, for the value of the horse, which was fixed at $500, with interest. This judgment, having never been superseded, is in full force and effect, and no delivery of the horse having been made to the plaintiffs in the replevin action, hence this action upon the redelivery bond.

It is clear from the record that when the instant case came on for trial, counsel agreed in open court that the only question for the trial court to determine was whether or not the second paragraph of the defendant's answer stated a defense to the plaintiff's cause of action. This paragraph of the answer admitted the execution of the redelivery bond, which was attached to the amended petition of the plaintiff, but alleged that during the pendency of the replevin action and prior to judgment therein, the horse, which was the subject of the action, died from natural causes and that the death of the horse was by or through no fault of the defendant, Hinton, in said replevin action; that by reason of the death of the horse it was impossible for a redelivery of the horse to be made to the plaintiff in the replevin action, and that the

death of the horse amounted to an act of Providence, which should excuse the defendant for the nonperformance of the condition of the redelivery bond sued upon.

After a careful examination of the authorities, we have no difficulty in reaching the conclusion that the judgment of the trial court in favor of the plaintiff should be affirmed. The weight of authority supports the rule that, where a defendant in a replevin action obtained possession of a subject-matter in litigation by executing a redelivery bond, the subsequent destruction of the property (or death, in case of livestock), though without any fault or neglect on the part of such defendant, does not relieve him from liability. 34 Cyc. p. 1567; Wells on Replevin, secs. 600, 601; Hinkson v. Morrison, 47 Iowa, 167; DeThomas v. Witherby, 61 Cal. 92, 44 Am. Rep. 542; McPherson v. Acme Lumber Company, 70 Miss. 649; George v. Hewlett, 70 Miss. 1; Suydam et al. v. Jenkins, Sheriff, et al., 3 Sandford (N. Y.) 614.

While there are a few cases supporting the rule that where the property is destroyed without fault of the party cast, the value thereof cannot be recovered, yet the cases are very few and against the weight of authority.

The case of Carpenter v. Stevens et al., 12 Wendell, 589, decided by the Supreme Court of New York in October, 1834, held that where an animal taken in replevin had died without the default of the plaintiff in such suit, it constituted a good plea in bar to an action on a replevin bond. The conclusion was reached on the theory that the case was within the principle "that where the condition of a bond of recognizance, etc., is possible at the time of the making of it, and before the same can be performed, it becomes impossible by the act of God, or of the law, or of the obligee, there the obligation is saved—as if a man be bound by recognizance or bond, with condition that he shall appear at the next term in such court, and before the day he dieth, the recognizance or obligation is saved.* * *"

In the case of Suydam v. Jenkins, supra, the Superior Court of New York considered the case of Carpenter v. Stevens, and disapproved the rule therein announced.

The Supreme Court of California, in the case of DeThomas v. Witherby, supra, in a well-reasoned opinion, considered the case and disapproved the rule therein announced. The following pertinent language is herein quoted:

"The case of Carpenter v. Stevens is referred to with disapprobation by Wells in his recent work on Replevin. He says: 'Questions frequently arise as to the effect the death or destruction of the property pending the suit will have on the rights of the parties. Upon this question the authorities, with few exceptions, can be easily harmonized. It was said in a New York case that when the property sued for is a living animal, and it dies, it is a good plea to say that it is dead. This ruling was based upon the idea that the return had become impossible by act of God; but the ruling has been questioned more than once. To permit a defendant, who wrongfully takes possession, to claim that he holds it at the risk of the real owner, and not at his own, and claim immunity for accident, would be unjust in the extreme. The wrongful taker of property, when called upon to surrender it to the rightful owner or pay the value, cannot defend himself from judgment by showing his inability to deliver it through death or otherwise.'"

It is quite obvious that there is a manifest distinction in actions upon forthcoming or redelivery bonds as to the obligations and liabilities of the parties, where by reason of the execution of such bonds the principal therein is permitted to retain property that is finally adjudicated to be wrongfully detained from the rightful owner, and the ordinary recognizance or reappearance bond of the principal obligating such principal to be present in court to answer such charges as may be presented against him. In the former class of cases the party adjudicated to have wrongfully detained the property wronged the real owner by unlawfully taking possession of the property, and by the execution of the bond deprived the real owner of the possession of the means and right of disposing of the property pending the litigation: and probably at the end of protracted litigation, when it is determined that such defendant had no right to the possession of the property, a judgment is rendered against him for the return of the same or its value, he cannot on principle of right and justice be excused from satisfying such judgment under a plea that the property has been lost in his hands through no fault of his.

It appearing that the defendant, Jacobs, executed a supersedeas bond in this cause with John H. Wells and John H. Perry as sureties, the plaintiff is entitled to judgment against said sureties on said bond, and it is, therefore, ordered and adjudged that the plaintiff recover from the sureties, John H. Wells and John H. Perry, the sum of $795.75, with interest at the rate of six per cent. per annum from the 17th day of January, 1921, until paid.

Judgment of the trial court is affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and MASON, JJ., concur.