## LEVY v. CONTINENTAL SUPPLY CO. et al.

No. 14454—Opinion Filed Jan. 15, 1924.

Rehearing Denied March 4, 1924.

(Syllabus.)

1. Principal and Agent—Ratification of Unauthorized Contract—Sale of Oil Property.

Although a person may be without authority to represent a company, yet if he assumes to represent such company and enters into a contract in the name of said company for the sale of an oil and gas lease and all equipment thereon, including oil produced from said lease, and in the lines of the oil purchasing company; and where the owner of said lease later executes the assignment of said lease and equipment thereon, as provided in said unauthorized contract, and accepts the consideration therein provided for, and where said assignment specifically refers to said unauthorized contract, held, said owner of the lease thereby ratified the acts of said unauthorized agent; held, further, that said owner is liable to said purchaser for the value of any oil not delivered as provided for in said contract.

2. Trial—When Plaintiff Entitled to Directed Verdict.

Where the evidence clearly shows plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error to direct a verdict; and where the evidence, as in the instant case, is undisputed on all the issues necessary for plaintiff's recovery, the court should instruct the jury to find for the plaintiff, though there may be a dispute in the evidence as to other immaterial issues, and the refusal of the court so to do, when proper request is made therefor, constitutes reversible error.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by H. L. Levy against the Continental Supply Company, a corporation, and Union National Bank, a corporation. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Moss & Owen and J. P. O'Meara, for plaintiff in error.

Randolph, Hayer & Shirk, for the Continental Supply Co.

Poe & Lundy, for the Union National Bank.

MASON, J. This cause of action was commenced in the district court of Tulsa county by the plaintiff in error, as plaintiff, against the defendants in error, to recover the value of 800 barrels of oil which the plaintiff alleges he purchased from the defendants in connection with two oil leases and equipment thereon, and for which he paid a total consideration of $9,500. It is admitted that the leases and all equipment, except the 800 barrels of oil, were delivered to the plaintiff. The plaintiff alleges that the oil was worth $3.50 per barrel, and he prayed judgment for $2,800.

The facts in the case are substantially as follows: That on May 7, 1920, the defendants were the joint owners of two certain oil leases situated in Montgomery county, Kan., which had been taken in on foreclosure proceedings on mortgages and liens held by them; that on said date one Thos. Green, purporting to be the agent of the defendant Continental Supply Company, entered into a contract in the name of said supply company with plaintiff for the sale of said oil leases and the equipment thereon, including two boilers, engines, pipe, casing, etc., and 800 barrels of oil, which had been produced on said leases and which was in the pipe lines of the Prairie Pipe Line Company. Said contract provided that the purchase price should be $10,000, and that $1,000 was to be deposited in escrow in the Union National Bank of Tulsa, Okla., until such time as the terms of the contract would be carried into effect. This contract was signed by the Continental Supply Company, by Thos. Green, agent, party of the first part, and by H. L. Levy, party of the second part. The defendant Union National Bank was not a party to said contract, and the defendant Continental Supply Company denies the authority of the said Thos. Green to represent said Company and to enter into said contract.

The evidence then discloses that the equipment described in said contract, as being on said leases was checked, and that one boiler was found to be missing, and that thereafter on May 12, 1920, J. P. Byrd, cashier of the defendant bank, acting for both defendants, entered into a supplemental agreement with the plaintiff, H. L. Levy, which provided as follows:

"Whereas, on the 7th day of May, 1920, Thos. Green, as agent, entered into an agreement with the second party for the sale of a certain oil and gas mining lease described as follows: * * *

"Now, therefore, the party of the second part, H. L. Levy, agrees to purchase said lease and all the material on the same for the consideration set out in the former

contract, to wit: $10,000, subject to abstract of title, as provided for in said contract of May 7, 1920.

"It is mutually agreed that in the event first parties fail to return or deliver one certain boiler, they are to deduct $500 from the original purchase price herein named, making the the total sum therein to be paid by the second party $9,500; and said second party accepting the property with material and fixtures now on said lease with any oil, either in tankage or in pipe lines, less the boiler above referred to.

"All other agreements as to title and abstracts as provided for in said contract to remain in full force and effect."

The record further discloses that on July 1, 1920, the Continental Supply Company, by its proper officials, and the Union National Bank of Tulsa, by its proper officials, each executed their assignments of said oil and gas leases to the plaintiff, H. L. Levy, wherein said defendant bargained, sold, transferred, and conveyed to the plaintiff all their rights, title, and interest in and to said leases, "together with all the personal property on said leases, and all oil in tanks, or in or on the pipe lines of the Prairie Oil & Gas Company produced from said premises. Reference is hereby made to contract of sale dated May 7, 1920, and supplemental contract made May 12, 1920."

The evidence is undisputed that the plaintiff paid the further consideration, and that each of said defendants received one-half thereof. The undisputed evidence is that the plaintiff never received any portion of the 800 barrels of oil, and that the value thereof, at the time of said assignment, was $3.50 per barrel.

The evidence of the defendant Continental Supply Company was to the effect that Thos. Green had no authority to represent said company, and that said company was not a party to the original contract of May 7, 1920, and therefore that the company never made any representations to the plaintiff that there were 800 barrels of oil in the Prairie Pipe Line Company, which were to be sold in connection with said leases.

The evidence on behalf of the Union National Bank was to the effect that it was not a party to the contract of May 7, 1920, and that no representation had ever been made by said company that said oil or any portion thereof was in the pipe lines of the Prairie Pipe Line Company. At the close of the evidence, the plaintiff requested the court to give the following instruction, to wit:

"You are instructed to find for plaintiff for the amount which the Prairie Pipe Line Company would have paid to plaintiff for 800 barrels of oil had there been such amount of oil in the lines of the Prairie Pipe Line Company when the assignments were delivered to plaintiff."

The court refused to give said instruction, to which the plaintiff excepted, and submitted the case to the jury under instructions which required the jury to find whether or not the defendants or either of them, through duly appointed agents, had ever represented to the plaintiff that there was approximately 800 barrels of oil in the lines of the Prairie Pipe Line Company which the plaintiff would receive if he purchased said leases.

The jury returned a verdict for the defendants, and the plaintiff has perfected his appeal to this court, and the only error assigned for reversal is the refusal of the trial court to give the requested instruction above set forth.

As we view the case, it is immaterial whether or not Thos. Green was agent of the supply company, and it is also immaterial whether or not the Union National Bank was a party to the contract of May 7th, inasmuch as each of the defendant companies adopted said contract in their assignment of the leases and the equipment thereon, which they executed on July 1, 1920. In addition to this, each of the defendants accepted the benefits of said contract, and thereby ratified the acts of said Thos. Green and the contract of May 7th.

In the case of Waterson v. Willam Rogers, 21 Kan. 384, the Supreme Court of Kansas held as follows:

"One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own, with all its burdens, as well as its benefits. He may not take the benefits and reject the burdens, but he either accepts or rejects them as a whole."

In 1 Am. & Eng. Enc. Law (2d Ed.) p. 1196, this doctrine is laid down:

"Implied ratification must frequently arise from acceptance of benefits which are the result of the unauthorized acts, for when one, with full knowledge, receives the profits or benefits, he may be presumed to have ratified and accepted the conditions by which they are effected." See, also, Hefner v. Vandolah, 62 Ill. 483, 14 Am. Rep. 106; Pells v. Snell, 31 Ill. App. 158; Heyn v. O'Hagen, 60 Mich. 150, 21 N. W. 861; Ruggles v. Washington County, 3 Mo. 496; Ramsey v. Miller, 202 N. Y. 72, 95 N. E. 35; Williams v. Moore, 24 Tex. Civ. App. 402, 58 S. W. 953.

This court, in the case of Fant v. Campbell et al., 8 Okla. 586, 58 Pac. 741, held as follows:

"The act of one who assumes to act for another, though without authority, may be ratified by the one for whom he assumes to act voluntarily accepting the proceeds or profits of such unauthorized act."

From the foregoing, we are of the opinion that the trial court erred in refusing to give said instruction requested by the plaintiff, and for that reason the judgment of the trial court is reversed, and the case remanded for a new trial and further proceedings not inconsistent with the views herein expressed.

JOHNSON, O. J., KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.