## DEW et al. v. HOFFMAN.

No. 18032.    Opinion Filed Feb. 21, 1928.

Rehearing Denied May 1, 1928.

(Syllabus.)

**1. Replevin—Liability on Redelivery Bond —Failure to Redeliver Property in Good Condition.**

Where, in a replevin action, a redelivery bond has been executed by the defendant and an alternative judgment is thereafter rendered against the defendant, it is the duty of the defendant to promptly and in good faith return the property in as good condition as when replevied, and the failure to do so will render the sureties on said bond liable

for the full amount that the obligee may be damaged, not to exceed the amount of the bond.

**2. Same.**

In a replevin action, where the defendant executes a redelivery bond and retains possession of the property and judgment is rendered against him, and suit is brought on said bond, the defendant, in order to avoid penalties of the bond, must show a redelivery or offer of delivery of the property within a reasonable time in substantially as good condition as on the date on which it was replevied and without material depreciation in value.

**3. Trial—When Proper to Direct Verdict.**

Where the evidence clearly shows that the plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error for the court to direct a verdict for the plaintiff.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Roy Hoffman against Ed Dew et al. to recover on a replevin bond. Judgment for plaintiff, and defendants appeal. Affirmed.

A. M. Beets and O. K. Wetzel, for plaintiffs in error.

Burford, Miley, Hoffman & Burford, for defendant in error.

MASON, V. C. J. This action was commenced by the defendant in error to recover from the plaintiffs in error on a redelivery bond which had been filed in a replevin action wherein Robert W. Walsh, sole trader and doing business as the Auto Loan Company, was plaintiff and Ed Dew was defendant. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

Walsh filed a replevin suit against Ed Dew for the possession of a certain automobile, which was taken by the sheriff of Oklahoma county under a writ of replevin on July 23, 1924. Thereafter, Dew executed a redelivery bond in the sum of $2,000 with the other defendants, J. E. Dew, Wm. G. Johnston, and D. Replogle, as sureties, after which the car was returned to Dew on July 26, 1924.

The redelivery bond was conditioned:

"The defendant shall deliver said property to said plaintiff, if such delivery be adjudged, and shall pay all costs and damages that may be awarded against him."

Upon a trial of the case, judgment was rendered, October 18, 1924, for the plain-

tiff for the possession of said car, or in case said car could not be returned in substantially the same condition and value as of the date the cause was instituted, then the plaintiff to recover the sum of $2,300, which the court found to be the value of said car on the date the action was commenced. The defendant gave notice of appeal, but failed to perfect the same. The judgment, in the meantime, had been assigned to Roy Hoffman, who commenced this action. Defendants sought to avoid liability on said bond by establishing a tender of said automobile to the plaintiff on May 8, 1925. The evidence shows that plaintiff refused said tender for the reason that said car had greatly depreciated in value.

At the conclusion of all the evidence, the trial court sustained plaintiff's motion for an instructed verdict and rendered judgment against the defendant Ed Dew for $2,300 and interest, and against the other defendants for $2,000 and interest, from which all the defendants appeal.

It is first insisted that it was the duty of the plaintiff to accept defendants'' tender of said automobile and if it were not of substantially the same value as when replevied, plaintiff could recoup on said bond for the balance.

The old common-law action of replevin was for possession only, but under the modern rule and under our statutes, judgment for plaintiff may be for possession of the property or the value thereof in case a delivery cannot be had, in addition to damages for the detention. Section 335, C. O. S. 1921. But in order to avoid the penalties of a redelivery bond by reason of a tender of property after judgment, defendant must show a tender of the property within a reasonable time and in substantially as good condition as on the date on which it was replevied and without material depreciation in value, and a tender of the identical property in substantially as good condition but which is of less value by reason of decrease in the market value does not avoid the penalties of the bond. Gerher v. Wehner, 96 Okla. 48, 220 Pac. 648.

In Caldwell v. Stiles, 80 Okla. 106, 194 Pac. 226, we announced the rule as follows:

"In a replevin action, where the plaintiff obtains a judgment for possession of property and the defendant appeals from said judgment to the Supreme Court, and executes a supersedeas bond and retains possession of the property, in order to avoid the penalties of said bond, the party must show a delivery or offer of delivery of the property within a reasonable time in substantially as good condition as upon date of the judgment and without material depreciation in value. Evidence in the case at bar examined, and held, that the defendants have not shown such delivery."

We, therefore, reach the conclusion that if there had been a substantial decrease in the value of said car, the plaintiff was justified in refusing defendants' tender and such refusal did not relieve the defendants of liability.

Defendants insist that the evidence was conflicting and that the trial court erred in sustaining plaintiff's motion for an instructed verdict.

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith. Ginner & Miller Publishing Co. v. N. S. Sherman Machine & Iron Works, 93 Okla. 221, 220 Pac. 650; Chestnutt-Gibbons Grocer Co. v. Consumers' Fruit Co., 44 Okla. 318, 144 Pac. 591.

Before discussing the evidence of the defendants, we deem it advisable to summarize the plaintiff's evidence. Plaintiff introduced the judgment in the replevin case, which fixed the value of the car at the time of replevin at $2,300. It had been in use from 30 to 60 days at that time and the body was not dented or damaged; the paint was in good condition; the fenders were not bent and no other defects were observed by the witnesses. Several witnesses for the plaintiff, who had several years' experience as used car dealers, examined the car on the day defendants tendered it to plaintiff, and testified as to many defects and fixed its reasonable market value at from $800 to $875.

The defendants rely upon the evidence of J. E. Dew, a brother of Ed Dew, who, after testifying that the car had been in dead storage from the date it was redelivered to Ed Dew until the date of the tender, testified:

"I would say that the car was in as good condition mechanically as it was in July."

Counsel contend that the court, in passing on plaintiff's motion for an instructed verdict, was bound to consider the above testi-

mony as true and, therefore, the plaintiff was not entitled to judgment. The car may have been in as good condition mechanically, yet the broken top, the bent fenders, the damaged paint, and the loss of the trunk testified to by plaintiff's witnesses, would work a substantial depreciation in its value.

In Caldwell v. Stiles, supra, the court evidently took this view, for the following language is used:

"The plaintiff having produced testimony that the car had deteriorated in value during the two years the same had been unlawfully detained and used by the defendants Stiles, and the only testimony of the defendants in error being that the car was in as good mechanical condition as on the date of the judgment, offering nothing to contradict the evidence that the car had deteriorated in value, makes the judgment of the court erroneous, for it is not supported by any evidence."

It is a matter of common knowledge that by reason of the many changes and improvements that are made from year to year, an automobile manufactured in any one year necessarily decreases in value as a salable commodity with each succeeding year of its existence. This being so, damage from depreciation by reason of lapse of time is the direct and necessary result of the delay in plaintiff's getting possession of said property. See Morris v. Allen (Cal. App.) 121 Pac. 690.

Therefore, we may concede that at the time of the tender the car was in substantially the same mechanical condition as when replevied, yet this might be immaterial as to its value at said times. Under the judgment in the replevin action, which was not appealed from and became final, the plaintiff was entitled to recover the sum of $2,300, unless the car was returned in substantially the same condition and value as of the date the cause was instituted; that is, without material depreciation in value. The car was taken under writ of replevin on July 23, 1924, and the tender was not made until May 8, 1925. The evidence is undisputed that there was a large depreciation in its value during this time. This was sufficient to enable the plaintiff to recover, athough there may have been evidence that the car was in as good condition mechanically as at the time replevied.

Where the evidence clearly shows that the plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error for the court to direct a verdict. Dickerson et al. v. Incorporated Town of Eldorado, 64 Okla. 142, 166 Pac. 708;

Levy v. Continental Supply Co., 101 Okla. 144, 223 Pac. 833.

The judgment of the trial court is affirmed.

BRANSON, C. J., and HARRISON, HUNT, CLARK. RILEY, and HEFNER, JJ., concur. PHELPS, J., dissents.