## UNITED STATES F. & G. CO. et al. v. YODER et al.

No. 18262.    Opinion Filed Oct. 1, 1929.

Rehearing Denied Nov. 12, 1929.

Jas. M. Shackelford, for plaintiffs in error.

A. M. Baldwin, for defendants in error.

ANDREWS, J. Defendants in error, hereinafter referred to as plaintiffs, instituted suit against the plaintiffs in error, hereinafter referred to as defendants, to recover on an undertaking in replevin executed by the defendants to the plaintiff, L. M. Collier, who is the sheriff of Okfuskee county.

The petition alleges, among other things, that the plaintiffs were in possession of a certain truck of the value of $1,500 under and by virtue of a judgment of the superior court of Pottawatomie county; that the defendant Leota Eslick instituted a suit in the district court of Okfuskee county in replevin for possession of the truck and filed her affidavit in replevin therein in which she alleged that she was the owner thereof, entitled to the immediate possession thereof, that the same was of the value of $1,500 and that it was wrongfully detained from her by the plaintiff L. M. Collier; that the defendants executed and delivered a certain bond in replevin and by reason of the giving of said bond the defendant Leota Eslick obtained possession of the truck; that in the trial of the replevin action in the district court of Okfuskee county the plaintiff L. M. Collier recovered a judgment against the defendant Leota Eslick for the possession of the truck or the value thereof in the sum of $1,500, which judgment became final and by reason thereof defendants were indebted to plaintiff in the sum of $1,500, with interest at the rate of six per cent. per annum from the date of filing the petition and for costs of the action, and that the judgment was for the use and benefit of the plaintiff Jennie Yoder.

To this petition an answer was filed in which it was admitted that the plaintiff L. M. Collier, as the sheriff of Okfuskee county, was in possession of the truck and that the same was taken from him in replevin by the defendant Leota Eslick after execution of the bond sued on herein, and that judg-

ment had been rendered for him by the district court of Okfuskee county. This answer alleged that the plaintiff L. M. Collier, as sheriff of Okfuskee county, was in possession of the truck by reason of a levy of execution against the property of J. T. Eslick on a judgment in the superior court of Pottawatomie county in a case wherein the plaintiff Jennie Yoder was plaintiff and J. T. Eslick was defendant and on which there was a balance due of approximately $296. The answer denied the value of the truck to be $1,500, and alleged that it was only of small value; that the truck was mortgaged prior to the levying of the execution and was taken possession of by the mortgagee; that Leota Eslick was unable to return the same by reason thereof; that the judgment in favor of Jennie Yoder against J. T. Eslick has been fully paid.

To this answer the plaintiff filed their reply, alleging that the judgment of the district court of Okfuskee county was res judicata as to the claims of the defendants as set forth in their answer; that the defendants were estopped to again assert the same.

After the trial had, the court rendered a judgment in favor of the plaintiffs and against the defendants in the sum of $1,500, together with the costs of the action, and from which judgment the defendants appealed to this court.

The facts disclosed by this record are as follows: Jennie Yoder brought a suit in the superior court of Pottawatomie county against J. T. Eslick and recovered a judgment, which became final. She procured an execution to issue to Okfuskee county, and which was delivered to L. M. Collier, sheriff of Okfuskee county. The sheriff levied this execution on a certain truck as the property of J. T. Eslick, and while holding the same on the execution Leota Eslick, the wife of J. T. Eslick, instituted a replevin suit in the district court of Okfuskee county against the sheriff, made her affidavit in replevin claiming to be the owner of the property and fixing the value of the property at $1,500, executed and delivered the undertaking in replevin sued on in this action, and thereby secured possession of the truck. On the trial of the replevin action the district court of Okfuskee county rendered its judgment in favor of the sheriff and against Leota Eslick, as follows:

"It is further ordered, adjudged, and decreed by the court that if the plaintiff fails in ten days from this date to deliver the said property to the defendant, the defendant shall be entitled to judgment on the redelivery bond filed herein for the value of said property in the sum of $1,500, together with the costs of this action."

Leota Eslick did not return the truck to the sheriff, and Jennie Yoder and the sheriff then brought this suit to recover on the undertaking in replevin.

The 20 assignments of error contained in the petition in error are presented in the brief of the defendants under two headings, as follows:

"First. The judgment of the trial court is contrary to the law and is not supported by the evidence.

"Second. Errors of the law occurring at the trial."

And the theory of the defendants as stated in their brief is as follows:

"The judgment of the trial court converted a judgment originally aggregating less than $300 into a judgment for $1,500. This judgment has no parallel in the history of the jurisprudence of this country. It is plain that the instant action grew out of a replevin case in Okfuskee county wherein Leota Eslick was plaintiff and L. M. Collier, sheriff, was the defendant. It is equally plain from this record that L. M. Collier, sheriff, the defendant, had a special interest in the truck levied upon for the value of the truck up to $296.28, if the value of the truck was greater than that amount. The excess belonging to Leota Eslick or to the execution defendant, and neither the sheriff nor the execution plaintiff had any interest in such excess."

The theory of the defendants on this appeal is not supported by the record. The judgment of the trial court did not convert a judgment aggregating less than $300 into a judgment for $1,500. The judgment of the trial court merely sustained a judgment of the district court of Okfuskee county. That court fixed the value of the property at $1,500 and ordered it returned or its value paid. The superior court of Pottawatomie county was without any authority to change the judgment of the district court of Okfuskee county, and did not do so. Nor has this court any authority so to do. If the district court of Okfuskee county was in error in rendering the judgment which it rendered, it was the duty of the defendants to have the same corrected by that court or on appeal by this court. That judgment was general and determined that Leota Eslick was not the owner of the property taken by her in replevin.

In Grimes v. Payne, 116 Okla. 295, 244 Pac.

753, the second paragraph of the syllabus is as follows:

"In an action against the surety on a replevin bond, where the record recites the facts showing that the court had jurisdiction in the replevin action, its judgment is not subject to collateral attack."

See, also, Dupree v. Jordan et al., 123 Okla. 91, 252 Pac. 67.

In U. S. F. & G. Co. v. Harmon, 92 Okla. 167, 218 Pac. 682, in the first and second paragraphs of the syllabus, this court said:

"In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties, upon all the facts adjudicated, together with all the material facts which might have been presented as constituting a claim or defense. Such issues of fact so adjudicated, or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the same parties, or those in privity in a collateral proceeding.

"In an action in replevin, where a final judgment is entered that the property taken under writ of replevin should be restored to the defendants, or that they should be paid the value thereof, in an action against the surety upon the replevin bond for failure of the plaintiff to return the property, or pay the value thereof, such surety cannot attack said judgment, except for the want of jurisdiction of the parties or the subject-matter of the action, and it matters not that such judgment may be erroneous; not having been appealed from, it is final and becomes the law of the case and the parties are bound thereby"

—which we think is the controlling authority in this case.

The district court of Okfuskee county rendered its judgment for the return of the property or the value thereof in the sum of $1,500, and that judgment cannot be attacked as was attempted to be done in this case. If Leota Eslick was the owner of the property, then the district court of Okfuskee county should have fixed the value of the special interest of the sheriff in the property, but, when the court found and determined that Leota Eslick was not the owner of the property, then that court was correct in fixing the value of the property.

The payment to the sheriff of the amount of his special interest in the property is authorized where the property has been wrongfully taken in replevin by the owner.

The sheriff and the owner are the only interested parties. The owner keeps the property and pays the sheriff the amount of his special interest therein. That settles the controversy. The sheriff has received compensation for his interest in the property and he is not damaged by the owner keeping the property. Where the property has been wrongfully taken in replevin by someone other than the owner, the sheriff is entitled to the return of the property or its full value.

The sheriff must account, not only for his special interest in the property, but to the owner for the remainder thereof. The property has been taken by him on his execution. He is required to satisfy the execution therefrom, but the remainder is to be returned to the owner. Where the property is taken from him by one who is not the owner, he remains liable to the owner for that remainder.

Certainly it cannot be said, under the facts in this case, that Leota Eslick is the owner of the property. She claimed to be the owner, and the district court of Okfuskee county found against her on that contention. The sheriff took this property on an execution on a judgment against J. T. Eslick, and if ownership is to be presumed, the presumption would be that J. T. Eslick was the owner.

However, this court is not now determining the ownership of the property as between the parties to this action. It has been determined by the district court of Okfuskee county that Leota Eslick was not the owner.

It is contended by the defendants that there was no evidence offered in the district court of Okfuskee county as to the value of the property. We do not have the benefit of the testimony in that case, and do not think it is material, as the affidavit in replevin fixed the value of the property at $1,500 and the undertaking in replevin recognized the same in the amount of the undertaking.

Defendants rely upon the cases of Leeper, Graves & Co. v. First Nat. Bank of Hobart, 26 Okla. 707, 110 Pac. 655; Jacobs v. Walker, 90 Okla. 209, 216 Pac. 935, and Gerber et al. v. Wehner, 96 Okla. 48, 220 Pac. 648.

In Leeper, Graves & Co. v. First Nat. Bank of Hobart, supra, the plaintiff in the replevin action tendered a considerable portion of the property and the tender was refused because of the absence of some of the articles. This court held that upon such a tender the same should have been accepted and that a suit on the bond should have been for the damages suffered. The facts in that case have no connection with the facts in this case, as here there was no tender of

any part of the property. We agree with the law announced in that case that the recovery on the bond should be for "the full amount that defendant may be damaged," and in this case the amount of that damage is the value of the property, and that damage was fixed by the district court of Okfuskee county.

In Jacobs v. Walker, supra, the court said:

"The weight of authority supports the rule that, where a defendant in a replevin action obtained possession of a subject-matter in litigation by executing a redelivery bond, the subsequent destruction of the property, (or death, in case of livestock), though without any fault or neglect on the part of such defendant, does not relieve him from liability"

—and the syllabus was as follows:

"Where, in an action of replevin, the defendant executed a redelivery bond for a horse taken by the sheriff under an order of replevin, and the horse died during the pendency of the action, in which it was decided that the plaintiff was the owner and entitled to the possession of the horse, the defendant and his sureties are liable to the plaintiff on such bond for the value of the horse."

In Gerber v. Wehner, supra, the court held that where the property had depreciated in value, there was a liability on the bond for the value at the date the property was taken.

The trouble with the contention of the defendants in this case is that they are now trying, in this case, to correct errors which they claimed occurred in the trial court of Okfuskee county. This they cannot do.

All this would prompt us to affirm this judgment except for one thing and that is that the judgment is a joint judgment in favor of Jennie Yoder and L. M. Collier. In this particular it is erroneous. Jennie Yoder is not entitled to recover a personal judgment, and to that extent the judgment is erroneous. The sheriff is entitled to recover the value of the property as fixed by the district court of Okfuskee county. Out of the proceeds thereof he is liable to pay to Jennie Yoder the amount due to her on the execution under which he held the property, and upon the payment thereof the judgment against J. T. Eslick is satisfied. The remainder of the value of the property he is to hold for the benefit of the owner of the property, whoever that may be.

The other contentions of the defendants are fully met by the rule announced in Dew v. Hoffman, 130 Okla. 247, 266 Pac. 1107, wherein this court, in an opinion by Mr. Justice Mason, said:

"Where the evidence clearly shows that the plaintiff is entitled to recover, and the only dispute is as to immaterial issues, it is not error for the court to direct a verdict. Dickerson et al. v. Incorporated Town of Eldorado, 64 Okla. 142, 166 Pac. 708."

The cause is remanded to the superior court of Pottawatomie county, with directions to enter judgment in favor of L. M. Collier, sheriff of Okfuskee county, for the sum of $1,500, with interest thereon at the rate of 6 per cent. per annum from the date of the original judgment in this action, together with the costs of the action, including costs of this appeal, said judgment to be for the use and benefit of Jennie Yoder to the amount of her interest therein as disclosed by the execution in her favor, and for the use and benefit of the owner of the truck as to the remainder, and with directions to vacate, set aside, and hold for naught the judgment in favor of Jennie Yoder.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

Note.—See "Replevin," 34 Cyc. 1550, n. 26; p. 1594, n. 80; p. 1597, n. 27. "Trial," 38 Cyc. p. 1575, n. 22.