## LINDSEY et al. v. FAYLOR et al.

No. 20332. Opinion Filed July 28, 1931.

Hargis & Yarbrough, for plaintiffs in error.

J. C. Cornett and Chas. E. King, for defendants in error.

HEFNER, J. On the 11th day of September, 1928, Mrs. E. J. Faylor brought an action in the justice of the peace court of Shidler, Okla., against Jake Lindsey, Ernest Scott, and the Shidler Ice Company, to recover possession of two Ford trucks or $200, their value, in case a return thereof could not be had.

Defendants gave a redelivery bond. The trial was had before the justice of the peace and resulted in a judgment in favor of plaintiff for possession of the trucks or $200, the value thereof, in case a return thereof could not be had.

On the 22nd day of September execution was issued by the justice of the peace to enforce the alternative provision of the judgment. The defendants in that action and plaintiffs herein brought an action in the district court to enjoin further proceedings under the execution and alleged that the judgment was fully satisfied by the return of the trucks. A temporary restraining order was issued by the court, which was later dissolved.

Plaintiffs contend that the judgment which dissolved the temporary restraining order is against the clear weight of the evidence. They contend that the weight of the evidence shows the trucks were returned before the execution was issued. There is no evidence that the trucks were returned directly to defendant, Mrs. Faylor. Plaintiff Lindsey testified that at the conclusion of the trial the trucks were left parked close to the police station, about 30 or 40 feet from the office of the justice who tried the case. That he neither returned nor offered to return the trucks to defendant, Mrs. Faylor. Ernest Scott, one of the plaintiffs herein, testified that he returned the trucks to the constable, King, to whom the redelivery bond was executed, and that he advised defendant, Mrs. Faylor, that he had done so. This is denied by Mrs. Faylor. King also denies that the

trucks were ever returned to him. His testimony is that, after the trial, he discovered the trucks parked close to the police station and that he threw a chain around them and locked them. That neither of the plaintiffs ever requested him to take possession of the trucks and that he at no time advised Mrs. Faylor that he had locked them up. The trucks were still standing at the police station at the time of the trial of the instant case.

The trial court held the evidence insufficient to show that plaintiffs either returned or offered to return the trucks to defendant Faylor. We cannot say that this finding is against the clear weight of the evidence.

Defendants raise the point that injunction will not lie in cases of this kind. In the case of Marks v. Willis (Ore.) 58 Pac. 526, the following rule is announced:

"Injunction is the proper remedy to restrain the enforcement of an alternative money judgment in an action for the recovery of personalty after a tender of the property."

See, also, McClellan v. Marshall, 19 Iowa, 561; Reavis v. Horner (Neb.) 9 N. W. 643. These authorities sustain the proceedings. It is necessary, however, in order that a return or tender of the property may satisfy the judgment, that it be in as good condition when tendered as when replevined. Dew v. Hoffman, 130 Okla. 247, 266 Pac. 1107. Plaintiffs failed to sustain their cause of action by the weight of the evidence.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.