## UNITED STATES FIDELITY & GUARANTY CO. v. COLLIER.

No. 21458.   Feb. 7, 1933.

Rehearing Denied May 16, 1933.

Application to File Second Petition for Rehearing Denied Sept. 12, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for plaintiff in error.

A. M. Baldwin and F. H. Reily, for defendant in error.

ANDREWS, J. This is an appeal from an order of the superior court of Pottawatomie county sustaining a motion to strike a pleading denominated bill in the nature of a bill of interpleader filed by the plaintiff in error, United States Fidelity & Guaranty Company, and an order sustaining a motion to strike an attempted satisfaction of judgment by the defendant in error, L. M. Collier. The parties hereinafter will be referred to as they appeared in the trial court.

Heretofore, in United States Fidelity & Guaranty Co. v. Yoder, 139 Okla. 256, 281 P. 974, this court held:

"Where, in an action in replevin against a sheriff holding property under an execution, for delivery of the property so held, judgment is for the return of the property or payment of the value thereof, and the property is not returned or its value paid, the judgment creditor may join with the sheriff in a suit on the replevin bond, and in such a case a judgment may be rendered in favor of the sheriff for the value of the property as found and determined in the replevin action and such judgment will be for the use and benefit of the judgment creditor to the amount of his claim against the property and for the use and benefit of the owner of the property for the remainder thereof"

—and remanded the cause to the superior court of Pottawatomie county,

"* * * with directions to enter judgment in favor of L. M. Collier, sheriff of Okfuskee county, for the sum of $1,500, with interest thereon at the rate of 6 per cent. per annum from the date of the original judgment in this action, together with the costs of the action, including costs of this appeal, said judgment to be for the use and benefit of Jennie Yoder to the amount of her interest therein as disclosed by the execution in her favor, and for the use and benefit of the owner of the truck as to the remainder, and with directions to vacate, set aside, and hold for naught the judgment in favor of Jennie Yoder."

Therein this court said:

"The sheriff is entitled to recover the value of the property as fixed by the district court of Okfuskee county. Out of the proceeds thereof he is liable to pay to Jennie Yoder the amount due to her on the execution under which he held the property, and upon the payment thereof the judgment against J. T. Eslick is satisfied. The remainder of the value of the property he is to hold for the benefit of the owner of the property, whoever that may be."

The mandate of this court was received and filed in the superior court of Pottawatomie county and judgment was rendered by that court in conformity with the order of this court. Prior to the rendition of that judgment and prior to the receipt of the mandate of this court, there was filed therein a satisfaction of judgment signed by L. M. Collier. Upon motion the superior court struck that satisfaction of judgment from the record as being unauthorized and void. There was no error therein. L. M. Collier was not authorized to satisfy that judgment for many reasons, only one of which need be referred to, which is that the judgment had not been satisfied.

The United States Fidelity & Guaranty Company caused to be filed in the case what was denominated a bill in the nature of a bill of interpleader, and, upon motion, that instrument was stricken by order of the superior court of Pottawatomie county. There was no error therein. The only person claiming anything against the United States Fidelity & Guaranty Company was the sheriff. There were no parties to interplead.

We are not passing upon the question as to the right of the United States Fidelity & Guaranty Company, after it has paid the judgment to the judgment creditor, to the sheriff, to assert a claim on the fund created by the payment of the judgment and to interplead all other claimants thereto.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL and BUSBY, JJ., absent.